## Brasacchio, Appellant, v. Pennsylvania Highway Department.

Argued June 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Joseph E. Gallagher*, with him *Ralph G. Mastrianni*, and *O'Malley, Morgan, Bour & Gallagher*, for appellant.

*Charles J. Bufalino, Jr.*, Special Assistant Attorney General, with him *Clyde M. Hughes, Jr.*, Assistant Attorney General, and *Edward Friedman*, Acting Attorney General, for Commonwealth, appellee.

OPINION BY WRIGHT, J., September 15, 1966:

Thomas J. Brasacchio seeks compensation under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 P.S. 1201 et seq. On July 2, 1964, he filed a claim petition alleging that he became totally disabled from silicosis on June 15, 1964, as a result of employment since 1921 in occupations having a silica

hazard. The Referee made an award payable entirely by the Commonwealth. The Workmen's Compensation Board sustained the Commonwealth's appeal, and entered an order of disallowance. The Court of Common Pleas of Lackawanna County affirmed the decision of the Board. Claimant has appealed.

The record discloses that, from 1921 to 1955, claimant was employed by various coal companies as a miner of anthracite coal. It is not disputed that he was exposed to a silica hazard during such employment. It is also not disputed that he is now totally disabled as a result of silicosis. From 1956 to 1963 claimant was employed by the Pennsylvania Department of Highways as a laborer. The sole question before us is whether the Board erred in refusing to find that claimant was exposed to a silica hazard during this latter period of employment. No testimony was presented on behalf of the Department of Highways or the Commonwealth, reliance being placed by defendants upon the insufficiency of claimant's evidence. The testimony which claimant adduced is summarized by the Board as follows:

"The claimant, age 66, was employed by four different coal companies from 1921 to 1955, during which time he worked inside the anthracite coal mines and was continuously exposed to a silica hazard. He was last employed as a laborer by defendant, Pennsylvania Department of Highways, from June 6, 1956 to May 26, 1963.

"Claimant testified that his duties with the Pennsylvania Department of Highways involved construction work, building bridges and razing old bridges; and that in the performance of the work he operated a jackhammer, and at times in the drilling of foundations, the drilling was done in places as much as six feet below the ground. He related that the drilling of rock caused considerable dust; and that after drilling in low

places, after five to ten minutes, it was necessary to stop in order to clean his face, nose and throat. He also stated that, in knocking down old bridges, the jackhammer was used on concrete, which also caused considerable dust.

"Dr. Theodore M. Marmo, called by claimant, testified that he examined him on June 15, 1964, and had him X-rayed by Dr. Joseph Bruno; and that as a result of his examination and X-ray studies, he was of the opinion that claimant was totally disabled due to early third-stage anthraco-silicosis with emphysema which he had contracted as a result of both his work in the mines and his work with defendant. He also stated that he had received a history from claimant that he cut stone with a jackhammer for defendant and, based upon that history, he was of the opinion that during that employment claimant 'was exposed to and inhaled silica, which subsequently aggravated and/or caused the silicosis that he now has'. He admitted, on cross-examination, that he did not know exactly where claimant worked for defendant, and that he had not made any studies of the silica content of sand or rock in the area where he had worked.

"Thomas F. Kennedy, a consulting civil and sanitary engineer, and the chief engineer for the City of Scranton, called by claimant, stated that in the course of his study of mining engineering, he had obtained knowledge of geology, rock formations and the general chemical content of various rocks. He testified that he was familiar with the rock formations in the strata in Lackawanna County and adjoining counties in which claimant had worked; and that from his own experience, he believed that, in his work for defendant, claimant would have come in contact with ordinary sandstone, in which the silica content would vary from 60% to 80%, depending upon the degree of cementation of the silica sandstone particles themselves. He expressed

the opinion that claimant, in using a jackhammer on solid rock, would have been exposed to about the same amount of silica as he had been in his prior work in the mines. Mr. Kennedy conceded, on cross-examination, that he had no knowledge of the conditions at the specific places where claimant had worked".

. Section 301 of the statute (77 P.S. 1401) reads in pertinent portions as follows:

"(c) Compensation for the occupational diseases enumerated in this act shall be paid only when such occupational disease is peculiar to the occupation or industry in which the employe was engaged and not common to the general population. Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry.

"(d) Compensation for silicosis, or anthraco-silicosis, coal worker's pneumoconiosis and asbestosis, shall be paid only when it is shown that the employe has had an aggregate employment of at least two years in the Commonwealth of Pennsylvania, during a period of ten years next preceding the date of disability, in an occupation having a silica, coal or asbestos hazard. . .

"(f) If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment but this presumption shall not be conclusive.

"(g) The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure. . . And pro-

vided further, That in those cases where disability or death is not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth. An exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure. . .

"(i)[1] Notwithstanding any other provisions of this act, compensation for silicosis, anthraco-silicosis, coal worker's pneumoconiosis, and asbestosis shall be paid . . . at the rate of seventy-five dollars ($75) per month, to every employe totally disabled thereby as a result of exposure thereto, who has not theretofore been compensated because his claim was barred by any of the time limitations prescribed by this act, and shall continue during the period of such total disability. No compensation under this section shall be paid to any employe who has not been exposed to a silica, coal, or asbestosis hazard within the Commonwealth of Pennsylvania for a period of two years. All such compensation to those whose last exposure precedes the effective date of this amending act shall be paid by the Commonwealth".

The Board found as a fact that claimant failed to prove that he was exposed to a silica hazard while working for the Department of Highways. The rationale of the Board's decision appears in the following statement from its opinion: "The burden of proof was on claimant to prove each and every element of his claim for benefits allegedly resulting from his occupational disease. He does not have the benefit of the presumption of a silica hazard with respect to his employment with the Highway Department. In our opinion, the testimony of claimant and his witnesses as to the

---

[1] This is a new subsection added by Act No. 335, approved November 10, 1965. At oral argument it was conceded by counsel for the Commonwealth that claimant will be eligible for compensation under this subsection.

alleged silica content of the stones and concrete on which claimant used a jackhammer, is weak and uncertain. No tests were made which would determine the quantity of free silica in the air at the places where claimant worked, and under the conditions similar to those which existed during the claimant's employment with the Highway Department".

In an occupational disease compensation case it is claimant's burden to prove all the elements necessary to support an award: *Witters v. Harrisburg Steel Corp.*, 183 Pa. Superior Ct. 450, 132 A. 2d 762. The credibility and weight of the testimony are matters for the Board to determine: *Lind v. Argo Lamp Co.*, 198 Pa. Superior Ct. 247, 181 A. 2d 726. The Board is not required to accept the testimony of any witness, and this rule applies even though the testimony is not contradicted: *Peron v. Phoenix Park Coal Co.*, 202 Pa. Superior Ct. 495, 198 A. 2d 370. It is for the Board as the final fact-finding body to determine from all the evidence whether claimant has sustained the burden resting upon him, and its finding that he has not is a pure finding of fact: *Wehr v. Philadelphia Derrick & Salvage Corp.*, 192 Pa. Superior Ct. 161, 159 A. 2d 924. The appellate court must view the evidence in the light most favorable to the party having the Board's decision: *Hurlburt v. Fidelity Window Cleaning Co.*, 192 Pa. Superior Ct. 152, 160 A. 2d 251. Where the compensation authorities refuse to find facts in favor of the party having the burden of proof, the question on review is not whether the evidence would sustain such a finding, but whether there was a capricious disregard of competent evidence in the refusal so to find: *Rettew v. Graybill,* 193 Pa. Superior Ct. 564, 165 A. 2d 424.

It is claimant's contention on this appeal that the Board's pivotal finding of fact cannot be sustained without a capricious disregard of the competent evi-

dence. Obviously, if claimant was exposed to a silica hazard during his employment by the Department of Highways, his disability from the occupational disease of silicosis occurred well within the four-year limitation period. It is the Commonwealth's position to the contrary that claimant's last exposure to a silica hazard occurred during his employment as a coal miner some nine years prior to the date of his disability.

We are not persuaded that there was a capricious disregard of competent evidence in the case at bar. The Board characterized the evidence adduced by claimant as "weak and uncertain", and found it insufficient to sustain his burden of proof. Cf. *Webster v. Grove City College,* 198 Pa. Superior Ct. 475, 181 A. 2d 924; *Chilcote v. Leidy,* 207 Pa. Superior Ct. 345, 217 A. 2d 764. In the words of the late Judge Ross in *Tokash v. Early Foundry Co.,* 157 Pa. Superior Ct. 467, 43 A. 2d 553: "The burden of proof is upon the claimant, and, if the evidence to sustain that burden is not believed by the board, it may decline to grant an award thereon, or if in the opinion of the board such evidence is so indefinite and inconsistent that it cannot be accepted as a basis for a finding which would sustain an award, no compensation need be given".

In many respects the instant case is on all fours with *Gavandula v. Ryan Brothers,* 205 Pa. Superior Ct. 325, 209 A. 2d 13. In that case claimant had worked in the anthracite coal industry from 1924 to 1953. He was thereafter employed for several years in outside road construction. The compensation authorities found as a fact that, after 1953, claimant had not been exposed to a silica hazard. The Court of Common Pleas of Luzerne County substituted its own finding of fact to the contrary, and directed the entry of an award. We sustained an appeal by the Commonwealth. The evidence in the *Gavandula* case was even stronger for the claimant than that in the case at bar.

Order affirmed.