Bone, Appellant, *v.* Gallizzi Coal Company.

Argued June 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Joseph E. Gallagher,* with him *Ralph G. Mastrianni,* and *O'Malley, Morgan, Bour & Gallagher,* for appellant.

*Charles J. Bufalino, Jr.,* Special Assistant Attorney General, with him *Clyde M. Hughes, Jr.,* Assistant Attorney General, and *Edward Friedman,* Acting Attorney General, for Commonwealth, appellee.

OPINION BY WRIGHT, J., September 15, 1966:

This appeal is essentially similar to, and is controlled by our decision in, the case of *Brasacchio v. Pennsylvania Highway Department,* 208 Pa. Superior Ct. 212, 222 A. 2d 418. On March 24, 1964, Nicholas Bone filed a claim petition alleging that he became totally disabled from silicosis on March 20, 1964, as a re-

sult of employment since 1916 in occupations having a silica hazard. The Referee made an award payable entirely by the Commonwealth. The Workmen's Compensation Board sustained the Commonwealth's appeal, and dismissed the claim petition. The Court of Common Pleas of Lackawanna County affirmed the order of the Board. This appeal followed.

The record discloses that, from 1916 to 1966, claimant was employed as a miner of anthracite coal, first by the Pennsylvania Coal Company and later (since 1932) by the Gallizzi Coal Company. It is not disputed that claimant was exposed to a silica hazard during such employment. It is also not disputed that he is now totally disabled as a result of silicosis. The problem arises because the Gallizzi Coal Company ceased mining operations in 1955, and thereafter engaged in the construction business. From 1955 to 1959, claimant worked in the State of Connecticut as a laborer operating a jackhammer in road construction. From 1960 to 1962, claimant worked in the City of Philadelphia in building construction, also as a laborer operating a jackhammer. The Board refused to find that claimant was exposed to a silica hazard after 1955. We are clearly of the opinion that the court below did not err in dismissing claimant's appeal from the Board's decision. The relevant portions of our opinion in the *Brasacchio* case are incorporated herein by reference.

Order affirmed.