Opinion by
 

 Watkins, J.,
 

 This is an appeal in a workmen’s compensation case by the claimant, Paul N. Hale, from the decision of the Court of Common Pleas No. 4 of Philadelphia County, affirming the order of the Workmen’s Compensation Board denying benefits in a case involving silicosis on the ground that the claimant failed to sustain his burden of proof that he was exposed to the silica hazard.
 

 In April of 1962, the claimant filed an occupational disease petition alleging total disability as a result of silicosis, which total disability began February 26, 1962. He was employed by the defendant company, Metalweld, Inc., in cleaning and grinding metal products from August, 1952 until February 26, 1962.
 

 The referee awarded benefits; the Board reversed, finding as a fact that the claimant did not sustain his burden of proving exposure to the hazard of silicon dioxide during his employment with the defendant company and, as a matter of law that, as he failed to sustain this burden, he was not entitled to benefits.
 

 The claimant appealed to the Court of Common Pleas No. 4 of Philadelphia County and Judge Mc-Dermott of that court remanded the record to the Board for further findings in accordance with his opinion. The defendant appealed to this Court and by Opinion Per Curiam, March 23, 1967, reported in 209 Pa. Superior Ct. 298, 228 A. 2d 217 (1967), we said, “After thorough and independent study, we are of the opinion that the record before us is sufficient to permit the trial court to decide the case on the merits. The order of the trial court is therefore reversed, and
 
 *22
 
 the record is remanded to it for that purpose.” The court below then affirmed the Workmen’s Compensation Board and the claimant filed this appeal.
 

 The occupational disease claim was brought under §108 (k) of the Occupational Disease Act, 77 PS §1208(k), the pertinent parts of which read as follows : “The term ‘occupational disease’, as used in this act, shall mean only the following diseases: ... (k) Silicosis, ... in any occupation involving direct contact with, handling of, or exposure to the dust, ... of silicon dioxide (SÍO2).”
 

 The record discloses that he was engaged in the cleaning and grinding of metal products. The Board found that “the claimant did not sustain his burden of proving exposure to a hazard of silicon dioxide during his employment with the defendant”.
 

 Section 301(c) of the Occupational Disease Act, 77 PS §1401 (c), provides: “Compensation for the occupational diseases enumerated in this act shall be paid only when such occupational disease is peculiar to the occupation or industry in which this employe was engaged and not common to the general population . . .”.
 

 A statutory presumption is set forth in §301 (f) of the Occupational Disease Act, 77 PS §1401 (f), which reads as follows: “(f) If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe’s occupational disease arose out of and in the course of his employment but this presumption shall not be conclusive.”
 

 We have held that “In order for the claimant to get the benefit of the rebuttable presumption that the occupational disease arose out of his employment in all cases of enumerated occupational diseases prior to (m), as for example, silicosis, it was not necessary to show that his particular place of work was a silica
 
 *23
 
 hazard but only that the ‘occupation or industry’ was one in which silicosis was a hazard. Once this was shown the burden was then on the employer to show, if possible, that the hazard did not exist at the particular place of employment. Metz v. Quakertown Stove Works, 156 Pa. Superior Ct. 70, 39 A. 2d 534 (1944).”
 
 DeMascola v. Lancaster,
 
 200 Pa. Superior Ct. 365, 375, 189 A. 2d 333 (1963).
 

 For instance, in
 
 Crews v. Carey,
 
 207 Pa. Superior Ct. 461, 218 A. 2d 103 (1966), the claimant was employed in anthracite mining and was totally disabled by anthracosilicosis and there was proof that the anthracite mining industry is infected with the anthracosiliea hazard and that it was peculiar to the industry. This we held to be sufficient to raise the presumption and shift the burden of proof, that his working place was free of silica dust, to the defendant. Unfortunately for the claimant in this case there is no proof that silicosis was a hazard of this occupation or industry.
 

 “The burden of proof of the silica hazard is an essential part of the claimant’s case, as also, is proof of the necessary aggregate employment in an occupation or industry having a silica hazard. If the disease is a hazard of the claimant’s occupation or industry, the claimant would have been under no burden to go further with proof of causation and the burden of going forward with proof would shift to the defendant . . .”.
 
 Webster v. Grove City College,
 
 198 Pa. Superior Ct. 475, 477, 478, 181 A. 2d 924 (1962). In the
 
 Webster
 
 case there was no proof that his occupation was one in which silicosis was a hazard so the rebuttable presumption never arose and the burden of proof remained with the claimant. See also:
 
 Gavandula v. Ryan Brothers,
 
 205 Pa. Superior Ct. 325, 209 A. 2d 13 (1965);
 
 Brasacchio v. Pa. Highway Dept.,
 
 208 Pa. Superior Ct. 212, 222 A. 2d 418 (1966).
 

 
 *24
 
 The Board found as a fact that the claimant failed to sustain his burden as to the hazard and it is true that this finding of the Board is a pure question of fact.
 
 Witters v. Harrisburg Steel Corp.,
 
 183 Pa. Superior Ct. 450, 132 A. 2d 762 (1957). And it is equally true that unless there has been a capricious disregard of competent evidence or inconsistencies between the findings of fact with each other and the conclusions of law and the order, the order must be sustained.
 
 Brasacchio v. Pa. Highway Dept.,
 
 supra, at page 218.
 

 The question then in this appeal is whether the Board capriciously disregarded competent evidence. To constitute “capricious disregard of the competent evidence”, there must be a “willful, deliberate disbelief”.
 
 Baur v. Mesta Machine Co.,
 
 405 Pa. 617, 632, 176 A. 2d 684 (1961). “To charge a judge (or an administrative agency) with capricious disbelief, it must be so flagrant as to be repugnant to a man of reasonable intelligence”.
 
 Urbach Unemployment Compensation Case,
 
 169 Pa. Superior Ct. 569, 572, 83 A. 2d 392 (1951).
 

 The claimant worked on metal and used a substance identified as “black diamond”. The sample introduced into evidence was not a dust sample but obtained from a supplier of the defendant company. It was a one pound lump of gritty material, the particle size of which was “larger than beach sand”. Nowhere in this record is there any evidence of free silica dust at defendant’s place of business. And, as already pointed out, the claimant failed to establish that the defendant’s business of cleaning and grinding metal products was one where silicosis is a known hazard and there was no evidence that there ever had been a case or claim for silicosis in this industry except in the case of the claimant. There is nothing in this record from which we can conclude that the Board ca
 
 *25
 
 priciously disregarded competent evidence in arriving at its decision.
 

 Decision affirmed.