Tretinik, Appellant, *v.* United States Steel
Corporation.

Argued November 13, 1969.   Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Joseph M. George,* for appellant.

*Robert M. Keener,* with him *Sayers, King & Keener,*
for appellee.

OPINION BY MONTGOMERY, J., December 10, 1969:

In this workmen's compensation case, claimant-appellant, Steve Tretinik, sustained a compensable injury on November 12, 1959, while employed by employer-appellee, United States Steel Corporation; but he continued to work without impairment of earnings until December 12, 1959, when he first consulted a doctor, who diagnosed his injuries as contusions of both wrists, right shoulder, and knees. Thereafter he returned to his regular work and continued to perform his regular duties until June 6, 1960, when he was given lighter duties. On July 29, 1960, he was seen by Dr. Maher, who referred him to Dr. J. C. Pickett. Dr. Pickett saw him first on May 5, 1961, and diagnosed the condition in his hip as degenerative arthritis. He had been treated by Dr. Maher for arthritis in his arms and shoulder since July of 1959, which was prior to the accident. Claimant returned to work on August 8, 1960, and continued to work until March 17, 1961, when he was laid off.

On October 25, 1960, an agreement was consummated between the claimant and his employer, under which claimant was awarded $37.50 per week for total disability resulting from the accident. The agreement covered the periods, from July 29, 1960, to and including August 7, 1960; from August 12, 1960, to and including August 14, 1960; and from and indefinitely after August 19, 1960.

On February 1, 1961, a supplemental agreement was signed, reciting that the claimant had returned to work on January 23, 1961, at $119.80 per week, whereas the average rate at the time of his injury had been $121 per week, and the supplemental agreement provided that he would be paid for partial disability at the rate of 80 cents per week for an indefinite number of weeks, commencing January 23, 1961.

On August 3, 1961, claimant filed a petition to review his existing agreement, claiming a recurrence of his disability, which was referred to Referee Edward S. Stiteler, who found as follows:

"THIRD: On June 16, 1965, Dr. J. C. Pickett, an orthopedist, was called in behalf of the claimant and stated after first seeing the claimant on May 5, 1961 and after admitting him to the hospital, the only positive diagnosis he had was that of pathological diagnosis on the material removed from claimant's left hip in which the diagnosis was degenerative arthritis of the cartilage of the hip joint itself; further, that claimant was employable for more or less sedentary types of work.

"FOURTH: After reviewing all testimony of record, your Referee is of the opinion and finds as a fact that the difficulties suffered by the claimant are not related to the injury of November 12, 1959."

The Workmen's Compensation Board adopted the findings of the referee and affirmed the action of the referee in dismissing the petition for review. The lower court affirmed the order of the Board and this appeal followed.

The only question raised in this appeal is whether the Workmen's Compensation Board capriciously disregarded competent evidence in arriving at its decision.

Specifically, appellant argues that there was a capricious disregard of the terms of the original and supplemental agreements, which admitted an injury and disability to claimant, and the fact that within two months after Dr. Pickett found him to be employable only for certain special sedentary types of work, which constituted sufficient evidence to support a finding that at the time of his discharge on March 17, 1961, he was totally disabled as a result of the November 12, 1959, accident.

The principal uncertainty in this case is whether claimant's existing disability was due to the accident or to some other cause. Dr. Pickett was called as a witness for claimant and described his condition as of May 24, 1963, as follows: "The only positive diagnosis we have is that of a pathological diagnosis on the material removed from his left hip in which the diagnosis was degenerative arthritis of the cartilage of the hip joint itself. At the present time he still shows marked limitation of motion in his hip with pain on movement, some difficulty in walking, and it was proposed that it either be stiffened or reoperated in an attempt to improve its position." Dr. Pickett testified further, that ". . . when I first saw him [he] had extensive problems with his hands and his hip, which we felt was due partially to arthritis and partially to gout; in addition, he showed changes in his left hip which were in the nature of a degenerative arthritis. . . . he had had some treatment for his arm and shoulders, I think, from Dr. Maher even prior to his accident. I don't know exactly what relation—his hip—would play to his accident as I can't quite conceive exactly what happened to him because according to him he was struck on the right side. . . ."

Unquestionably, claimant is seriously disabled. However, on a petition to review compensation agreements, the burden is on the one claiming a change to establish the fact of such change. Where the decision is against the claimant, the only question before us is whether the Board's findings of fact are consistent with each other and with its conclusion of law and can be sustained without a capricious disregard of the competent evidence. *Hale v. Metalweld, Inc.*, 212 Pa. Superior Ct. 20, 239 A. 2d 887 (1968).

The burden on the claimant in this case was to establish by competent evidence the fact that his disa-

bility for which he was seeking a review of his agreement was the same disability covered by the agreement. Although he claimed that it recurred shortly after his discharge from employment, that in itself was not sufficient to meet his burden. In the light of Dr. Pickett's testimony, including his recital of the claimant's medical history, the general examination, and the pathological results, we cannot say that the referee and the Board capriciously disregarded the fact that said disability occurred subsequent to his discharge in arriving at its conclusion that it was not the same disability covered by the agreements and unrelated to the accident.

Order affirmed.