## Morrison *v.* Allied Chemical Corporation et al., Appellants.

Argued March 16, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph J. Murphy,* with him *John F. Dougherty, Jr., Harris I. Weisbord,* and *Murphy, Veldorale, Weisbord & Dougherty,* for appellants.

*Charles F. Quinn,* with him *Sheer & Mazzocone,* for appellee.

OPINION BY WATKINS, J., September 18, 1970:

This is an appeal in an occupation disease case from the decision of the Court of Common Pelas of Philadelphia reversing the Workmen's Compensation Board of Review and reinstating the award of the referee.

The claimant, Robert R. Morrison, filed the action against the defendant, Allied Chemical Corporation for benefits under Section 108(d) of the Occupational Disease Act, 77 P.S. §1208(d). The referee awarded benefits; the Board reversed; the court below vacated the decision of the Board and reinstated the award of the referee. The claim is brought under Section 108(d) of the Act which reads as follows: "The term 'occupational disease,' as used in this act, shall mean only the following diseases: . . . (d) Poisoning by benzol, or by nitro, amino, or amino derivatives of benzol (dinitrobenzol, anilin, and others), or their preparations or compounds, in any occupation involving direct contact with, handling thereof, or exposure thereto."

The Board made the following pertinent findings of fact. "1. Claimant during the course of his employment as a 'junior chemist' with defendant from January, 1956, to October 26, 1963, was obliged to handle

various industrial chemicals, such as benzol, cumene, acetone, phenol, methylstryrene and others, which chemicals were identified by labels on the bottles which he used, and claimant was exposed to such chemicals. 2. As a result of his exposure to such chemicals, claimant suffered 'Industrial Chemical Poisoning (Benzol and Others)' from which he was totally disabled from October 27, 1963 to May 28, 1964, and undetermined partial disability thereafter to June 1, 1966. 3. Claimant failed to sustain his burden of proving that the industrial chemical poisoning, from benzol and other chemicals which he suffered, was peculiar to the occupation or industry in which he was employed while working for defendant, and not common to the general population."

The Board found also the following pertinent conclusions of law. "2. Since claimant failed to sustain his burden of proving that the industrial chemical poisoning, from benzol and other chemicals, which he suffered, was peculiar to the occupation or industry in which he was employed while working for defendant, and not common to the general population, he is not entitled to compensation."

What the Board found was that there was disability as a result of a disease and that he was exposed to a poison hazard in his particular place of employment, but that he failed to sustain his burden of proof that the industrial chemical poisoning from benzol and other chemicals was peculiar to the occupation or industry in which he was employed and not common to the general population. Whether it was peculiar to his occupation or industry and not common to the general public are questions of fact. However, the court below found that the proof of these facts was unnecessary as a matter of law and reversed the Board.

The court was in error. Section 301(c), 77 P.S. 1401 (c) of the Act reads as follows: "Compensation for

24

the occupation diseases *enumerated in this act* shall be paid only when such occupational diseases is peculiar to the *occupation or industry* in which the employe was engaged, and not common to the general population. Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within three years after the date of his last employment in such occupation or industry." (Emphasis—The Writer)

In clear and unambiguous language, the legislature has made the above section part of the burden of proof in all occupational disease cases. It is easily understood why this burden was included when the acceptance of the Occupational Disease Act was the culmination of a long fight to convince industry that the Act would not be confiscatory. The clear language contained in this Act does not lend itself to judicial interpretation. "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pennsylvania Statutory Construction Act of May, 1937, P. L. 1019, 46 P.S. Paragraph 551.

What the Board found was that the claimant suffered disability from handling benzol and other chemicals at the place of his work. It was, however, the claimant's burden to prove that the disease in question was peculiar to the occupation in his industry and that the disease was not common to the general population. It was necessary for the claimant to establish that the disease was one resulting from the conditions of the employment to which all employees of a class are subject and that the disease is peculiar to the industry and not common to the general public.

As this Court said in *DeMascola v. Lancaster*, 200 Pa. Superior Ct. 365, 189 A. 2d 333 (1963), at page

370: "Until the adoption of §1208(m) every enumerated 'occupational disease' was not applied to any particular occupation but 'in any occupation' where there was an exposure to the disease. Section 1401(c) of the Act which reads as follows, '(c) Compensation for the occupational diseases enumerated in this act shall be paid only when such occupational disease is peculiar to the occupation or industry in which the employe was engaged and not common to the general population . . .', is clearly applicable to the enumerated occupational diseases and part of the claimant's burden of proof is that the occupational disease is peculiar to the occupation or industry in question and not common to the general population."

In *Porter v. Sterling Supply Corp.*, 203 Pa. Superior Ct. 138, 199 A. 2d 525 (1964), this Court said at page 141: "While we have great sympathy for the claimant's widow, we cannot agree with the conclusion reached by the court below. It is, of course, true that The Pennsylvania Occupational Disease Act should be considered liberally, in accordance with its humanitarian purpose. We are not, however, permitted to distort the meaning of clear and plain statutory language:" (Quoting cases.)

The Court continued at page 143: "It (the legislature) could easily have provided that all diseases were compensable as long as they were caused by some hazard or exposure encountered during the course of the employment. It did not, however, so provide because it imposed the aforementioned limitations. It might very well be that this would be desirable result but it can only be accomplished by the legislature and not by any action of this Court."

In *Chuplis v. Steve Shalamanda Coal Co.*, 192 Pa. Superior Ct. 76, 79, 159 A. 2d 520 (1960), where this Court said: "A claimant under this act must establish both an occupational disease which 'is peculiar to the

occupation or industry in which the employe was engaged' and . . ." See also, *Brasacchio v. Pennsylvania Highway Department,* 208 Pa. Superior Ct. 212, 222 A. 2d 418 (1966).

The legislature has never seen fit to amend in any way the provisions of the original Section 301(c) although making innumerable other changes in the act. However, it has indicated by additional clear amendments that it realizes the existence of this burden of proof. In Section 108(m), 77 P.S. 1208(m) coverage was provided for "Tuberculosis in the occupation of nursing in hospitals or sanitaria involving exposure to such disease." Here the legislature has provided that tuberculosis is a peculiar hazard to the occupation of nursing and proof need only be that the nurse-claimant was exposed in the particular hospital is the only proof that the law requires. Similarly, in 1208(o), 77 P.S. §1208(o), the legislature provided that disease of the heart and lungs, not in any occupation, but "after four years or more of service in fire fighting for the benefit or safety of the public, caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such firemen." The legislature clearly in these two sections removed the burden of proof required in Section 301(c), supra.

In *Scott v. United States Steel Corporation,* 203 Pa. Superior Ct. 459, 462, 201 A. 2d 243 (1964), it was pointed out that there was evidence as there was in the instant case, "that cancer could have been a hazard in that there were exudations of coal tar distillates and gases which contained cancer producing agents in the form of aromatic hydro-carbons, but there was no evidence that lung cancer is a disease which is peculiar to this industry and that it was not common to the general public."

The court below, in the instant case, said: "As the Crews court explained, however, when the disease in question is one listed in the Act the burden required in the Scott case does not apply." What the Crews court said was: "This makes anthracosilicosis a specific occupational disease and the burden required in the Scott case, supra, does not apply here, *if the industry is subject to the hazard of silicon dioxide.*" (Emphasis—The Writer) *Crews v. Carey,* 207 Pa. Superior Ct. 461, 464, 218 A. 2d 103 (1966).

"The Court will take judicial notice that the anthracite mining industry is affected with a silicon dioxide hazard . . . Thousands of awards have been made to disabled employees of the mining industry as a result of anthracosilicosis. The very name of the disease, anthracosilicosis, commonly known as Miner's Asthma, connects it with the anthracite mining industry." In the instant case, there is not a scintilla of evidence that the industry involved is subject to the hazard of benzol poisoning.

A careful examination of this record clearly supports the finding of fact number 3 and the conclusion of law number 2 as found by the board so that the claimant failed to sustain the burden required by the legislature in occupational disease cases as set forth in Section 301(c) of the Act.

It is unnecessary to discuss the complaint of the defendant concerning the reinstatement of the decision of the referee by the court below.

The decision of the court below is reversed and judgment entered in favor of the defendant-appellant.

HOFFMAN, J., would affirm on the able opinion of Judge SLOANE.