## Cox v. American Asbestos Textile Corporation

*George M. Painter,* for appellant.

*John F. McElvenny,* for appellees.

SCIRICA, J., July 18, 1972.—This is an appeal from an order of the Workmen's Compensation Board which reversed the adjudication of the referee. The referee had issued an adjudication in which Rose Cox was awarded total and permanent disability from asbestosis contracted as a result of Mrs. Cox's long-time exposure to asbestos hazards while employed in the asbestos industry from 1955 to 1967. The referee found compensation due under the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1201, et seq.

Claimant testified that prior to 1955, she worked about one year for Astin-Hill Company, defendant's predecessor; that from 1949 to 1955, she worked for Lees Mills as a wool twister; that she returned to work with defendant, as an asbestos spinner, in 1955 and worked continuously until July 1967, when she was discharged.

The claim petition was filed May 27, 1969, and amended on January 14, 1970. At the hearings, the claimant and three doctors testified on behalf of claimant, and one doctor testified on behalf of defendant.

The referee found that in 1964 or 1965, claimant started to have breathing problems; that on July 25, 1967, she was hospitalized because of coughing and vomiting blood; that a diagnosis of "possible pneumoconiosis," probably due to asbestosis, was made; that on December 20, 1968, as a result of biopsy tests and further reports, her condition was definitely diagnosed to be caused by asbestosis; that claimant was

totally disabled as of July 25, 1967, and that she was entitled to compensation.

Defendant appealed the referee's award to the board. The matter was submitted on briefs filed by attorneys for the respective parties. The board reversed the adjudication of the referee for the reason that claimant failed to prove exposure to an occupational hazard with defendant.

Our appellate courts have held that because of the beneficial purposes intended by the legislature, the act, 77 PS §1201, should be liberally interpreted in favor of the employe: Dydo v. Commonwealth et al., 5 Com. Ct. 228 (1972); Herman v. Kondrat Coal Company, 205 Pa. Superior Ct. 117 (1965).

The applicable parts of the act to consider are:

(1) Section 301(f) provides:

"If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive."

This presumption was not rebutted by defendant. All the parties and witnesses admitted that claimant worked for at least 13 consecutive years for a company that manufactured asbestos, as an "asbestos spinner." The occupational disease comes from working in an asbestos plant. The court takes judicial notice of this fact. Its position is warranted by reason of the Supreme Court statement in considering a claim under this act in which it stated:

"If appellant were a coal miner, we would take judicial notice of the fact that there is a silica hazard in the anthracite mining industry": Hale v. Metalweld, 434 Pa. 109 (1969).

The three doctors who testified for the claimant all testified that her asbestosis was caused by her occupation: Dr. Pearlstein, Dr. Theodos, Dr. Scheberts. The opinion of the board was in error wherein it stated no witnesses were called by defendant. A Dr. Bendersky testified on behalf of defendant and although he testified that claimant was not disabled by reason of asbestosis, yet he admitted that where asbestos fibers accumulate, the exposure is continuous, and in spinning, fibers do accumulate, the occupation is such that there is a greater probability of the incidence of asbestosis.

It is the opinion of this court that the claimant carried her burden of proof in establishing that asbestosis is an occupational hazard of her employment as a spinner with defendant employer; that the disease is peculiar to the industry of manufacturing asbestos products and that it is not common to the general public: Scott v. United States Steel Corporation, 203 Pa. Superior Ct. 459 (1964); DeMascola v. Lancaster, 200 Pa. Superior Ct. 365 (1963).

Defendant produced no testimony that an asbestos hazard did not exist at defendant's plant, nor was there evidence in the record that the board could have relied on that there is no asbestosis hazard in the asbestos manufacturing industry: Hale v. Metalweld, Inc., supra.

(2) Section 301(d) provides:

"Compensation for . . . asbestosis, shall be paid only when it is shown that the employer has had an aggregate employment of at least four years in the Commonwealth of Pennsylvania, during a period of eight years next preceding the date of disability, in an occupation having a [n] . . . asbestos hazard."

The claimant more than adequately fulfills the maximum requirements of employment in Pennsylvania.

(3) Section 301(g) provides:

"The employer liable for the compensation provided by this article shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure. Provided, That when a claimant alleges that disability . . . was due to silicosis, . . . , asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employee was last exposed to the hazard of such occupational disease during a period of six months or more after the effective date of this act: and in such cases, an exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure."

There is no question that claimant was employed by defendant for 13 consecutive years to the time of her discharge, and, therefore, the employer, American Asbestos Textile Corporation, is liable for the compensation.

The board capriciously disregarded competent evidence which resulted in its setting aside the referee's sixth finding of fact, all the conclusions of law and the order.

It is the opinion of this court that the board erred when it disregarded competent, credible, medical testimony: Giordano v. Bianco, 210 Pa. Superior Ct. 469 (1967); also Frombach v. United States Steel Corporation, et al., 2 Com. Ct. 556 (1971).

For the reasons enumerated above, the exceptions to the decision of the Workmen's Compensation Board, filed May 4, 1971, are sustained, and the court remands the record to the board for further hearing and determination: Act, section 427.