Ralph Scobbo *v.* Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania *v.* Heppenstall Company and Commonwealth of Pennsylvania.

Heppenstall Company and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants.

110

Argued October 30, 1975, before President Judge Bowman and Judges Rogers and Blatt, sitting as a panel of three.

*Roy F. Walters, Jr.,* with him *Brandt, McManus, Brandt and Malone,* for appellant.

*John W. McIlvaine,* with him *Samuel C. Vary,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, December 1, 1975:

This is an employer's appeal from an order of the Court of Common Pleas of Allegheny County affirming an award of compensation under The Pennsylvania Occupational Disease Act[1] to Ralph Scobbo for total disability.

Mr. Scobbo began his forty-four years of continuous employment with the appellant, Heppenstall Company[2], in 1924. He worked five years in the toolroom and was then transferred to the blacksmith shop where he remained until 1952, when he returned to the toolroom until 1968. At both locations he ground tools on wheels on which were written a notation that they were made of silicon. The wheels raised clouds of dust so dense that, in the claimant's words, "[a]t times could not hardly see in front of you." The appellant developed difficulty in breathing which became so serious that on the advice of his family doctor he retired on pension on November 18, 1968, notifying his employer that he was totally disabled. Heppenstall's doctor told him that he had emphysema.

In 1969 Mr. Scobbo consulted a Doctor Thomas P. Connelly who, after examination, reported on October 19,

---

1. Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

2. The codefendant, Commonwealth of Pennsylvania, which was directed to pay a part of the award, has not appealed.

1969 that the claimant had silicosis due to occupational exposure. This was the first knowledge that the claimant had that he was suffering from silicosis. He filed his claim petition for compensation for silicosis on November 3, 1969. On January 20, 1970 a physician engaged by the Commonwealth Department of Labor and Industry reported that the claimant suffered from "pneumoconiosis compatible with silicosis" and on June 12, 1970 a specialist in lung diseases reported that Mr. Scobbo "[was] disabled from silicosis, pulmonary fibrosis, pulmonary emphysema and that this condition [was] the result of his total cumulative exposure where he worked, as a chipper and grinder." The several medical reports mentioned were admitted into evidence without objection from Heppenstall. The referee found that the claimant had been exposed to silica hazard, that he is totally and permanently disabled due to silicosis and awarded compensation. The Workmen's Compensation Appeal Board and the lower court affirmed the award of compensation and this appeal from the court's order followed.

Heppenstall advances two reasons for reversal of the award. It first contends that the claimant failed to give the notice required by Section 311 of The Pennsylvania Occupational Disease Act, 77 P.S. §1411, which reads:

"Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice of disability to the employer liable for compensation under this article, within twenty-one days after compensable disability begins, no compensation shall be due until such notice be given, and unless such notice be given within one hundred and twenty days after the beginning of compensable disability no compensation shall be allowed."

Heppenstall's argument is based on recent decisions of the Workmen's Compensation Appeal Board in which it asserts that the Board decided that the provision cited had not been complied with in allegedly similar circum-

stances. It fails to cite the case of *Roschak v. Vulcan Iron Works*, 157 Pa. Superior Ct. 227, 42 A.2d 280 (1945), where in circumstances almost identical to those here, the Superior Court held that the filing of a claim petition within ninety days (the then limitation) from the date it was first determined that the claimant had an occupational disease was sufficient compliance with requirement of Section 311. Judge DITHRICH's thorough and scholarly discussion in *Roschak* includes consideration of the principles that the compensation laws for diseases are remedial and must be given broad and liberal interpretations and that the exact identity of the disease causing any patient's disability is often ascertained sometime after the onset of its symptoms. The court finally construed Section 311 as fixing the point of the beginning of the limitation "from the time the employee is disabled and definitely *knows* he is disabled *by the occupational disease.*" (Emphasis in original.) 157 Pa. Superior Ct. at 234, 42 A.2d at 283. Mr. Scobbo definitely knew he was disabled by silicosis on or about October 19, 1969. His claim petition filed November 3, 1969 was timely notice under Section 311.

Heppenstall also says that the claimant did not sustain his burden to prove his exposure to hazard at the appellant's plant during the course of his employment. Its first argument on this point seems to be that in occupational disease cases, the physician testifying as to causation must be an expert in pulmonary diseases who has actually made studies and examinations of employees in various industries. The only authority suggested for this asserted requirement is *Metz v. Quakertown Stove Works*, 156 Pa. Superior Ct. 70, 39 A.2d 534 (1944), where the claimant seems to have found an expert medical witness who had these qualifications. Neither *Metz* nor any other case we have found holds that a medical witness testifying that the claimant's occupational disease was the result of exposure at work must be an expert in industrial

diseases. In this case three doctors reported that Mr. Scobbo had silicosis and their reports were admitted into evidence without objection. Two of the doctors expressed the opinion that Mr. Scobbo's silicosis was the result of his exposure to silicon at work. We may assume that these opinions were based on a history provided by the claimant. In any event, the appellant could have required the claimant's doctors to testify and inquired into the basis for their opinions as to causation; not having done so, it cannot now complain that those opinions, which stand in the record, were without foundation.

Heppenstall also says that the claimant's testimony as to his exposure was insufficient. It states that he only "established . . . that he worked in a 'dusty' area and 'handled' silica sand." On the contrary, the claimant established that for years he ground tools and chipped billets with wheels bearing the written description "silicon" and that these wheels emitted heavy dust from which he had no protection. This evidence constituted ample evidence that the claimant was employed in an occupation in which his occupational disease was a hazard, and raised the statutory presumption that his disease arose out of and in the course of his employment. Section 301(f) of The Pennsylvania Occupational Disease Act, 77 P.S. §1401(f). The facts that the claimant ground tools with wheels made of silicon and that he had contracted silicosis were not rebutted. The only evidence adduced by the appellant was a report of an inspection of various areas of its plant made in December 1969, more than a year after the claimant retired, tending to show that in the areas inspected dust concentrations were below the criteria "set by most industrial hygienists." This was clearly insufficient to rebut the presumption afforded by the Act. The cases of *Moyer v. Brockway Clay Company*, 14 Pa. Commonwealth Ct. 610, 324 A.2d 876 (1974), and *Billet v. Keystone Roofing Manufacturing Company*, 6 Pa. Commonwealth Ct. 23, 291 A.2d 921

(1972), are distinguishable because in each the claimant depended on proof merely that there was dust in the plant without proof that the dust indeed contained harmful substances. Further, in those cases the compensation authorities found that the claimant had not been exposed to the hazard alleged, and we held that those findings had not been the result of a capricious disregard of competent evidence. Here the finding was that Mr. Scobbo was exposed to silica hazard upon evidence which we agree was substantial.

Affirmed.