Jones & Laughlin Steel Corporation *v.* John Golmitz and Workmen's Compensation Appeal Board. Jones & Laughlin Steel Corp., Appellant.

Argued October 29, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*Benjamin L. Costello,* with him *Kenneth J. Yablonski,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., December 24, 1976:

Jones & Laughlin Steel Corporation (J & L) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed an award of compensation for occupational disease to John Golmitz (Claimant) based on Sections 108(k) and 108(n) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§27.1 (k), 27.1(n).[1]

The sole issue raised by J & L on appeal to this Court is that the Board erred in affirming a referee's decision which it avers was unsupported by competent evidence. For reasons hereinafter stated, we affirm.

As we have all too often said, where the party having the burden of proof prevails in the administrative process (here Claimant), our scope of review is to determine whether constitutional rights were violated, an error of law committed, or to make certain that the necessary findings of fact are supported by

---

[1] §27.1 Occupational diseases; definitions

. . . .

(k) Silicosis in any occupation involving direct contact with, handling of, or exposure to the dust of silicon dioxide.

. . . .

(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. For the purposes of this clause, partial loss of hearing in one or both ears due to noise; and the diseases silicosis, anthraco-silicosis and coal workers' pneumoconiosis resulting from employment in and around a coal mine, shall not be considered occupational diseases.

substantial evidence. *Workmen's Compensation Appeal Board v. Young,* 18 Pa. Commonwealth Ct. 515, 336 A.2d 665 (1975).

J & L presses the argument that there is no testimony supportive of the necessary element of proving a silica hazard, and as authority, cites us to *John F. Moyer v. Brockway Clay Company,* 14 Pa. Commonwealth Ct. 610, 612-13, 324 A.2d 876, 877 (1974):

Proof of the claimant's disability as well as of a silica hazard in his employment is an essential element of a claim seeking total disability benefits under the Occupational Disease Act as a result of exposure to a silica hazard. It is provided in Section 301(f) of the Occupational Disease Act, 77 P.S. §1401(f): 'If it be shown that the employe, at or immediately before the date of disability was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment but this presumption shall not be conclusive.' In considering this section, the Superior Court in Metz vs. Quakertown Stove Works, 156 Pa. Super. 70, 75, 39 A.2d 534, 536 (1944) commented: 'It will be noted that the employee is not called upon, in order to get the benefit of this rebuttable presumption to show that the particular factory or plant in which he worked was a silica hazard, but only that the "occupation or industry" was one in which silicosis was a hazard, leaving it then to the employer to show, if possible, by facts and circumstances within its knowledge and control, that its particular factory or plant had been so conducted or carried on to avoid or get rid of that hazard.' . . . The claimant, himself testified as to his work-

ing conditions at Brockway. He said the clay dust was often very thick and that he was exposed to this dust. Claimant also introduced the testimony of John M. Dickey, a ceramic engineer who had worked for Brockway as a consulting engineer. He testified to the types of clay used in plants in the area and the percentage of free silica in such clays (30% to 40%). He further stated that a clay dust would contain free silica which would be inhaled and that the Brockway plant was always dusty. He had never, however, made a dust count at the plant and could not testify as to the percentage of silica dust in the atmosphere.

However, as Claimant properly contends, hazard may be shown *either* by showing that the industry or occupation in which a claimant was employed was one in which there was a hazard, or by showing that the employer's plant was a hazard. *See Billet v. Keystone Roofing Manufacturing Co.*, 6 Pa. Commonwealth Ct. 23, 291 A.2d 921 (1972).

We have carefully reviewed the testimony of record and agree with J & L that Claimant never *specifically* referred to a silica hazard in his description of the dusts to which he was exposed in the steel mill over the many years of his service at J & L, however, his testimony was most certainly descriptive, sufficient and competent to establish the existence of such a silica hazard given his description of the dust and particulate in the area of the blast furnace where he worked. J & L is perhaps overly technical in asking this Court to adopt a standard whereby a steelworker, untrained in medical terminology, should be expected to delineate with medical specificity his affliction. We are satisfied from Claimant's description of his working conditions that the referee could have found a silica hazard to exist.

And finally, J & L challenges the medical testimony of record on behalf of Claimant as incompetent. The short of this is that the referee chose to believe the testimony of Claimant's physician over that of medical testimony on behalf of J & L. It is all too well settled that questions of credibility are for the referee and we will not overturn such determinations in our review.

Consistent with the foregoing, we

### ORDER

AND Now, this 24th day of December, 1976, compensation is awarded and Jones & Laughlin Steel Corporation is directed to pay Claimant John Golmitz, compensation at the rate of $106.00 per week beginning May 23, 1975, continuing into the indefinite future, however, all within the meaning and provisions of the Workmen's Compensation Act, as amended January 31, 1972.

IT IS FURTHER ORDERED that interest be payable on all deferred payments of compensation in accordance with Section 406.1 of the Act.

Reasonable attorney fees are approved as follows:

| | |
|---|---|
| Interviewing claimant, filing of Claim Petition, arranging medical examination and appearance at first hearing .......................... | $1,200.00 |
| Appearance at second hearing ..... | 200.00 |

Jones & Laughlin Steel Corporation is directed to deduct $1,400.00 from the deferred compensation due Claimant and forward it directly to: Kenneth J. Yablonski, Esquire, 505 Washington Trust Building, Washington, Pennsylvania 15301. All remaining compensation and interest is to be paid directly to Claimant.