Donald B. Transue, Sr. *v.* Ray Hartman & Sons, American Hardware Mutual Insurance Company, Insurance Company of North America and Workmen's Compensation Appeal Board. American Hardware Mutual Insurance Co., Appellant.

Argued February 3, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*William F. Sweeney*, with him *David L. Pennington*, and *Harvey, Pennington, Herting & Renneisen, Ltd.*, for appellants.

*Daniel M. Corveleyn*, for appellee, Transue.

*Raymond F. Lowery*, for appellee, Insurance Company of North America.

OPINION BY JUDGE CRUMLISH, JR., April 18, 1977:

This appeal comes to us following a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision that the disabil-

ity of Donald B. Transue, Sr. (Claimant) was a recurrence of disability from a prior work-related injury and not the result of a second injury.

Claimant was a mechanic employed by Ray Hartman & Sons (Employer) when, on January 18, 1973, he sustained a work-related injury to his back. At the time of the injury, Employer was insured by American Hardware Mutual Insurance Company (Appellant). As a result of the injury, Claimant was hospitalized from January 20 through January 31, 1973, and again during the month of February of that year. Surgery was performed subsequently and, as a result, Claimant was unable to return to work until November 23, 1973. On January 31, 1974, Claimant suffered a further period of work-related disability, also necessitating surgery, which is the subject of this appeal. At the time of this second period of disability, Employer's insurance carrier was the Insurance Company of North America (Appellee).

Appellant contends that the referee's finding of a recurrence of the prior work-related injury, as opposed to a finding of a separate and distinct injury, was not based upon sufficient competent evidence. In workmen's compensation cases where the party with the burden of proof prevailed below, as did Claimant here, review by this Court is limited to a determination of whether constitutional rights were violated, an error of law was committed or a necessary finding of fact was unsupported by substantial evidence. *Jones & Laughlin Steel Corp. v. Golmitz,* 28 Pa. Commonwealth Ct. 25, 367 A.2d 323 (1976). A careful review of the record, leaving questions of credibility and evidentiary weight to the referee, convinces us that the Board did not err in upholding the referee's finding of a recurrence.

The existence of Claimant's total disability, and its indefinite continuation, is not in dispute. Claimant's expert witness, an orthopedic surgeon, testified before the referee that upon Claimant's return to work after surgery for the initial injury, Claimant had not fully recovered, but in fact retained a 35% "physical impairment." Additionally, the doctor characterized Claimant's disability as a recurrent herniation of the same area initially injured in January of 1973. Disc material, according to this witness, protruded in precisely the same area injured by Claimant in the 1973 work-related incident.

In addition to the doctor's testimony, the statements of other witnesses also support the referee's findings. Refuting Claimant's testimony that a fuel tank slipped while they attempted to place it on the floor, giving Claimant an "awful yank," a co-employee stated that the tank did not slip and denied that either of the men had to struggle with it. Moreover, although Claimant alleged that the tank slipped because it was extremely greasy, the co-employee disagreed.

Lastly, the record indicates that Claimant said nothing to his employer about the tank slipping, or any similar incident that day, until two months later.

Since substantial evidence on the record exists to support the finding of the referee, we affirm.

Accordingly, we

### ORDER

AND NOW, this 18th day of April, 1977, the decision of the Workmen's Compensation Appeal Board is hereby affirmed.