Washington Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William Cox, Respondents.

Argued October 30, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Robert C. Little,* with him *Burns, Manley & Little,* for petitioner.

*Benjamin L. Costello,* with him *Kenneth J. Yablonski,* for respondent.

OPINION BY JUDGE WILKINSON, JR., December 4, 1978:

The Washington Steel Corporation (petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision awarding compensation to William Cox (claimant). We affirm.

Claimant worked underground in various coal mines from 1927 to 1954. He then worked at Washington Steel Corporation from 1956 to June 13, 1974; the last 12 years there as a grinder.

Disregarding the rather tortured procedural history by which this case has been before a referee twice, the Board three times and *this Court twice,* the issue is whether there is sufficient competent evidence to support the referee's and the Board's conclusion that claimant contracted anthraco-silicosis which arose out of and in the course of his employment in the coal mining *and* steel making industries.

The referee's finding of fact number 7 states:

7. The claimant was exposed to coal dust in the mines and silica dust at Washington Steel Corporation in which anthraco-silicosis is a hazard and it is presumed that the claimant's occupational disease arose out of and in the course of his employment in these industries. This presumption was not rebutted by defendant.

Petitioner asserts that there was no proof of a silica hazard to claimant while he worked for petitioner and no proof that anthraco-silicosis is an occupational disease hazard in the steel industry. Therefore, petitioner argues, there can be no presumption that claimant became disabled because of an occupational disease which arose out of and in the course of his employment. We disagree.

At the hearing claimant presented uncontroverted testimony that for the final 12 years in petitioner's mill his job consisted of grinding stainless steel with a machine that used sand paper belts. When asked what the belts had written on the back side of them, he replied that some said "carborundum" and some said "silicon." (Carborundum is defined in the Encyclopedia Britannica as "the proprietary name for silicon

carbide.'') Claimant was situated approximately four or five feet from the grinding action and maintained this position for about six hours a day.

In a similar case which came before this Court, *Scobbo v. Workmen's Compensation Appeal Board,* 22 Pa. Commonwealth Ct. 109, 348 A.2d 169 (1975), the employer argued that the claimant, who was a tool grinder in a blacksmith shop, did not establish sufficient exposure to silica. Judge ROGERS, speaking for the Court, thought differently:

> On the contrary, the claimant established that for years he ground tools and chipped billets with wheels bearing the written description 'silicon' and that these wheels emitted heavy dust from which he had no protection. This evidence constituted ample evidence that the claimant was employed in an occupation in which his occupational disease was a hazard, and raised the statutory presumption that his disease arose out of and in the course of his employment.

*Id.* at 114, 348 A.2d at 171.

Similarly in *Metz v. Quakertown Stove Works,* 156 Pa. Superior Ct. 70, 39 A.2d 534 (1944), the court awarded compensation to a man who had worked for three years as a polisher of stove parts using a solid carborundum wheel.

We have carefully read the rather short record and are satisfied that claimant testified as to the dust.

> Q. Now, when you would use this wheel and you would be grinding stainless steel, would there be any dust?
>
> A. A lot of smoke, oil dust, grindings off the steel and you breathed all that at all times.

Surely it is apparent that there should be a comma between "oil" and "dust". Any doubt in that regard is removed seven answers later when he testified:

A. Yes. You'd have oil and grindings from the steel and dust off it.

This makes it clear to us that claimant is testifying that there was both the grindings from the steel and dust off the grinding abrasive.

Finally, appellant argues that claimant's physician's statement that:

It is my opinion that this patient is totally and permanently disabled . . . as the result of his total and cumulative exposure to dust in the mines with a possible additional exposure to sand dust while working as a grinder in a stainless steel mill.

is equivocal regarding the steel mill exposure. We do not agree. As stated by the Board, claimant has sufficiently proven his continuous exposure to sand dust and therefore the "possible" is removed from the diagnosis.

Accordingly, we will enter the following

ORDER

AND Now, December 4, 1978, the decision of the Workmen's Compensation Appeal Board at No. A-72933 dated October 27, 1977 is hereby affirmed and it is ordered that judgment be entered in favor of the claimant, William M. Cox, and against Washington Steel Corporation and its insurance carrier, Standard Fire Insurance Company, and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, in the sum of $106.00 per week, beginning August 7, 1974, the Commonwealth being liable for 50 percent thereof and Washington Steel Corporation and its insurance carrier being liable for 50 per cent thereof, with deferred payments of compensation against Washington Steel Corporation and its insurance carrier only, at the rate of 10 per cent per annum.