Armco Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Department of Labor and Industry and Michael Posipanko, Respondents.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*John J. Petrush,* with him *McClain, Petrush, Young & Miller,* for petitioner.

*William R. Caroselli,* with him *McArdle, Caroselli, Spagnolli & Beachler,* for respondents.

OPINION BY JUDGE WILKINSON, JR., June 19, 1979:

Armco Steel Corporation (petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's de-

cision awarding compensation to Michael Posipanko (claimant). We affirm.

Petitioner asserts that there is not sufficient competent evidence for the referee to find that claimant "became totally and permanently disabled due to silicosis, inactive tuberculosis and pulmonary emphysema and that said diseases resulted from his total and cumulative exposure to various dusts including silica during all of his employment as a scarfer." (Referee's finding of fact number 15.) Petitioner agrees that claimant is permanently and totally disabled, but does not think that the cause of the disability arose out of and in the course of his employment.[1]

Claimant was a scarfer and descaler in petitioner's steel mill for over 20 years. A scarfer uses an acetylene torch to burn off defects or impurities on steel blooms or ingots. Six people at a time would be scarfing in an area of approximately 18 feet by 200 feet (scarfing beds). These beds had a roof over them but no walls. Claimant testified that there were fumes, smoke, and dust particles from this scarfing and that he inhaled these substances.

Petitioner maintains that claimant failed to prove that each of his maladies, silicosis, inactive tuberculosis, and pulmonary emphysema, was causally connected to his job. But as we have said in a number of recent cases, it is sufficient for claimant, through an accurate description of his work and workplace,

---

[1] Section 301(e) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of October 17, 1972, P.L. 930, *as amended*, 77 P.S. §413 provides:

> If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive.

to present enough evidence to show that he "was employed in an occupation in which his occupational disease was a hazard, and raised the statutory presumption that his disease arose out of and in the course of his employment." *Scobbo v. Workmen's Compensation Appeal Board*, 22 Pa. Commonwealth Ct. 109, 114, 348 A.2d 169, 171 (1975). *See also, Washington Steel Corp. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 20, 394 A.2d 1078 (1978), *Jones & Laughlin Steel Corp. v. Golmitz,* 28 Pa. Commonwealth Ct. 25, 367 A.2d 323 (1976).

This record supports the referee in finding that claimant's testimony and the testimony of claimant's doctor present more than substantial evidence that claimant's pulmonary diseases arose out of and in the course of his employment.

Accordingly, we will enter the following

## ORDER

AND Now, June 19, 1979, the order of the Workmen's Compensation Appeal Board, docket No. A-74515, dated October 19, 1978 is hereby affirmed. It is ordered that judgment be entered against Armco Steel Corporation, self insured, which is directed to pay the claimant, Michael Posipanko, compensation at the rate of $187.00 per week beginning October 18, 1976 continuing into the future, all within the provisions of the Act.

Interest is payable on deferred payments of compensation at the rate of ten per centum per annum pursuant to Section 406.1 of the Act.

The petitioner, self-insured, is further directed to reimburse the claimant, through his counsel, for costs of prosecution incurred in the total amount of $356.60.

Attorney fees as agreed upon between the claimant and his counsel in the total amount of $5,834.40 are approved and the petitioner, self-insured, is di-

446

■■■■■■■■■■■■■■■■■■■■

rected to deduct $37.40 from each of the first 156 weeks of compensation that becomes due and payable to the claimant on, and after, October 18, 1976.

All remaining payments of compensation and interest shall be paid directly to the claimant.