Herman Deck, Appellant *v.* Bethlehem Steel Corporation and Commonwealth of Pennsylvania, Appellees.

568

Argued June 4, 1979, before Judges Crumlish, Jr., Blatt and DiSalle, sitting as a panel of three.

*Wilson H. Oldhouser*, for appellant.

*Harold W. Budding* and *Lawrence Dague*, with them *Richard N. Shapiro*, Assistant Attorney General, for appellees.

Opinion by Judge DiSalle, October 22, 1979:

This is an appeal by Herman Deck (Claimant) from an order of the Court of Common Pleas of Leb-

anon County reversing an award of total disability benefits under The Pennsylvania Occupational Disease Act (Act), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq. We reverse.

Claimant worked for Bethlehem Steel Corporation (Employer) from April, 1929, to September, 1972, when he retired. He performed various jobs, working as a sorter, as a header and operator of a forging machine, and as a janitor. Until 1967, he worked in Forge Building No. 2 which housed six grinders, using carborundum wheels and giving off large quantities of dust. Claimant actually operated one of those grinders for approximately four days. Furnaces in the forge building were periodically torn down and rebuilt, creating large amounts of dust. Claimant often complained to his superiors about shortness of breath and breathing difficulties, which he claimed were caused by the dust in the air.

On March 12, 1975, several years after his retirement, Claimant filed a petition alleging total disability. The referee disallowed compensation, finding no exposure to an occupational disease and no compensable disability. The Workmen's Compensation Appeal Board (Board), hearing no additional evidence,[1] reversed, finding that Claimant was exposed to an occupational disease hazard of silicosis and was totally disabled therefrom. It ordered the Commonwealth to pay the entire award. The lower court held that the Board capriciously disregarded competent evidence, and reversed.[2] It is from this order that Claimant appeals.

---

[1] Both sides agree that under the Act, the Board remains the ultimate fact finder and may, without taking further testimony, reverse the findings of the referee. *Dunn v. Merck & Co.,* 12 Pa. Commonwealth Ct. 572, 317 A.2d 657 (1974).

[2] Since the party with the burden of proof (Claimant) prevailed before the Board, the lower court should have applied the substantial

We note initially that for an individual to recover under the Act, he must show both that he was exposed to a hazard while in the employ of his employer and that he was disabled as a result of that exposure. *Metz v. Quakertown Stove Works*, 156 Pa. Superior Ct. 70, 39 A.2d 534 (1944). Taking the disability issue first, the record indicates that at least four doctors believed that Claimant suffered not from any occupational disease, but from emphysema or bronchitis, due to his pipe smoking and to a family history of asthma. At least three other doctors, however, believed that Claimant did suffer from an occupational disease. Dr. William V. Dzurek, who examined Claimant on February 26, 1975, testified clearly and unequivocally that Claimant was disabled due to silicosis. It is true that Dr. Dzurek initially thought that Claimant had worked in a foundry, operating a grinder, when in fact, Claimant had worked in a forge, and operated a grinder only on a limited basis. We cannot agree, however, that this mistake somehow rendered Dr. Dzurek's testimony incompetent, especially when he confirmed his original diagnosis, even after learning that he had misunderstood the nature of Claimant's duties.

The record also contains reports of two other doctors, Dr. Scott S. Duffy, who concluded that Claimant was severely incapacitated as a result of his occupation, and Dr. B. A. Birkel, who diagnosed Claimant as suffering from pneumoconiosis.[3] Given these statements, we are at a loss to understand the lower court's conclusion that the Board, in finding Claimant

evidence test, not the capricious disregard test. That does not affect our disposition of the case, however, because regardless of the standard of review applied by the lower court, we must undertake our own inquiry into whether the findings of fact are supported by substantial evidence.

[3] Dorland's Medical Dictionary 1421 (25th ed. 1974), defines "silicosis" as a form of pneumoconiosis.

disabled due to silicosis, capriciously disregarded competent evidence. In light of the broad remedial purposes of the Act and the policy of liberally construing close cases to allow recovery, we hold that substantial evidence exists to support the Board's finding.

As far as the exposure issue is concerned, the cases of *Washington Steel Corp. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 20, 394 A.2d 1078 (1978), and *Scobbo v. Heppenstall Co.*, 22 Pa. Commonwealth Ct. 109, 348 A.2d 169 (1975), control, and compel us to hold that substantial evidence supports the Board's finding of exposure to the hazard. Claimant testified repeatedly as to great quantities of dust given off by the grinders and by the periodic rebuilding of the many furnaces located in his building. Our Court has held consistently that a claimant need not refer specifically to a silica hazard, but may simply testify as to his knowledge of dusty conditions. *Airco Speer Carbon v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 274, 392 A.2d 360 (1978); *Swank Refractories v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 313, 374 A.2d 537 (1977); *Jones & Laughlin Steel Corp. v. Golmitz,* 28 Pa. Commonwealth Ct. 25, 367 A.2d 323 (1976).

Lastly, we must decide the propriety of that part of the Board's award assessing one-hundred per cent of the liability against the Commonwealth of Pennsylvania. Section 308(a) of the Act, 77 P.S. §1408(a), provides that where disability due to an occupational disease occurs only after an exposure of five or more years, liability shall be joint, with the Commonwealth to pay forty per cent and the employer to pay sixty per cent. Section 301(g) of the Act, 77 P.S. §1401(g), renders the Commonwealth fully liable in certain situations involving multiple employment. Here, however, nothing in the record indicates that Claimant worked

for more than one employer. On the contrary, the record clearly supports the Commonwealth's position that only one employer is involved. Thus, Section 308 (a) applies and Employer bears responsibility for sixty per cent of the award.

We reverse.

### ORDER

AND Now, this 22nd day of October, 1979, the order of the Court of Common Pleas of Lebanon County, dated March 15, 1978, reversing the order of the Workmen's Compensation Appeal Board, dated July 14, 1977, is hereby reversed, and the order of the Board is reinstated. Judgment is entered in favor of the Claimant, Herman Deck, and against Bethlehem Steel Corporation, its insurance carrier, and the Commonwealth of Pennsylvania, Department of Labor and Industry, in the sum of $60.00 per week, beginning February 28, 1975, and continuing into the indefinite future, but not to exceed the sum of $12,750.00. Upon full payment, Claimant shall be paid additional compensation, during his lifetime only, of $100.00 per month. Deferred payments of compensation shall bear interest at the rate of six per cent per annum. The Commonwealth shall be liable for forty per cent of the award and Bethlehem Steel and/or its insurer shall be liable for sixty per cent.