## Webster, Appellant, *v.* Grove City College.

Argued April 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Henry S. Moore,* for claimant, appellant.

*William J. Joyce,* with him *Wiesen, Cusick, Madden, Joyce, Acker and McKay,* for employer, appellee.

*Benjamin Diamond,* Special Assistant Attorney General, with him *Wilson H. Oldhouser,* Assistant Attorney General, and *David Stahl,* Attorney General, for Commonwealth, appellee.

OPINION BY WATKINS, J., June 13, 1962:

This is an appeal from the order of the Court of Common Pleas of Mercer County affirming the decision of the Workmen's Compensation Board which disallowed compensation for the claimant, Grover C. Webster, for total disability resulting from silicosis.

He was employed as a coal miner from 1900 to 1918, from 1934 to 1940 and for eleven months in 1942. From March, 1943 to January, 1956 he was employed as a maintenance man by Grove City College. In that capacity his work included the care of the furnace and boilers that heated the college gymnasium and swimming pool. In doing this he shoveled coal from a bin adjacent to the boiler room into a hopper that fed the furnace and removed the ashes from the furnace. The boiler room was fifteen feet square and ten feet in height and contained no exhaust device to eliminate the coal and ash dust.

He was found to be suffering from silicosis on May 19, 1959, while he was a patient at Cresson State Hospital. At an earlier admission in 1956 his condition had been diagnosed, apparently erroneously, as tuberculosis. There was medical evidence that he was totally disabled as a result of silicosis. The claimant filed his petition under the Pennsylvania Occupational Disease Act of 1956, P. L. 1095, as amended, 77 PS §1401, alleging total disability as the result of silicosis. The referee awarded compensation but on appeal, the Workmen's Compensation Board reversed and the court below affirmed the Workmen's Compensation Board.

The burden of proof of the silica hazard is an essential part of the claimant's case, as also, is proof of the necessary aggregate employment in an occupation or industry having a silica hazard. If the disease is a hazard of the claimant's occupation or industry, the claimant would have been under no burden to go fur-

ther with proof of causation and the burden of going forward with proof would shift to the defendant to show the absence of causal connection. *Metz v. Quakertown Stove Works,* 156 Pa. Superior Ct. 70, 39 A. 2d 534 (1944). However, in this case, there was no proof that his occupation was one in which silicosis was a hazard, so the rebuttable presumption never arose.

The pertinent sections of the Occupational Disease Act which require this proof are the following:

"(c)   Compensation for Occupational diseases . . . shall be paid only when such occupational disease is peculiar to the occupation or industry in which the employe was engaged. . .

"(d)   Compensation for silicosis or anthraco-silicosis . . . shall be paid only when it is shown that the employe has had an aggregate employment of at least two years in the Commonwealth of Pennsylvania, during a period of ten years next preceding the date of disability, in an occupation having a silica . . . hazard. . .

"(f)   If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive."

The Commonwealth contends "that the claimant, when he was hired to work for the college as a maintenance man in 1943, already had silicosis, but it was not disabling. The claimant had already worked twenty-five years in the coal mines, and since silicosis is an insidious disease which will continue to progress, even if there is no further exposure to silica dust, the claimant's disability is due to his original employment in the coal mines and had no relation whatsoever with his employment with Grove City College."

As the court below said, "The claimant did not offer any evidence that the dust at his place of employment contained silicon dioxide or that the industry in general or the occupation which he followed in particular was recognized as having a silica hazard." Until the advent of gas and oil in the space heating business, practically every building located in an area where weather conditions required heating facilities, had a hand-fired boiler located in a confined basement area where the coal was shoveled in and the ashes shoveled out, yet, it has never, until now, been contended that such coal heating equipped basements were silica hazards.

The board said: "This Board, from its vast experience, has ascertained that silicon dioxide in coal mines is found only in the rock that is blasted or fired to get at the coal and in the sand that is used for traction on motors used to transport the coal from the mines. There is little, if any, silicon dioxide in the coal after it has left the coal mine." Claimant had the burden of proving by the fair preponderance of the evidence that he was exposed to a silica hazard in his employment with Grove City College. *Hurtuk v. H. C. Frick Coke Co.*, 157 Pa. Superior Ct. 317, 321, 43 A. 2d 559 (1945). The sole testimony having any bearing at all on this point was that of Dr. Ma, and as the court below said, "Dr. Ma's testimony as to the silica hazard is guarded, and somewhat indefinite and inconclusive." He did testify that claimant's additional exposure to dust, in addition to the coal mining exposure, caused the progress of silicosis. He did not testify that claimant's occupation was a silicosis hazard nor did he state that the dust in the boiler room contained silicon dioxide. In fact, he was testifying as a medical expert as to his patient's condition and knew nothing of his own knowledge of the content of the dust or its amount, not having observed it.

". . . employment in an occupation having a silica hazard exists only where an employee is subjected to the hazard of exposure to the dust of silicon dioxide. . . Proof of the silica hazard is an essential part of a claimant's case." *Bingaman v. Baldwin Locomotive Works,* 159 Pa. Superior Ct. 29, 46 A. 2d 512 (1946).

"Since the decisions of the Board were against the parties having the burden of proof, the question before us is whether the Board's findings of fact are consistent with each other and with its conclusions of law and order, and can be sustained without a capricious disregard of the evidence." *Irvin v. Plymouth Meeting Rubber Div.,* 182 Pa. Superior Ct. 280, 126 A. 2d 491 (1956). The Board is not required to accept the evidence of any witness, and as the court below said, "it could properly have entirely disregarded the opinion of Dr. Ma as being too vague and indefinite, or as being based on insufficient factual data without doing so capriciously and in our opinion that is what the Board did."

Order affirmed.