Chilcote, Appellant, *v.* Leidy.

Argued December 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Horace J. Culbertson,* for appellant.

*Donald R. Mikesell,* Special Assistant Attorney General, with him *Clyde M. Hughes, Jr.,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee, submitted a brief.

No argument was made nor brief submitted for appellee.

OPINION BY WATKINS, J., March 24, 1966:

This is an appeal from the order of the Court of Common Pleas of Huntingdon County, dismissing the appeal of the claimant, Emory H. Chilcote, since deceased, from the decision of the Workmen's Compensation Board denying benefits for occupational disease on the ground that his last employment in which he was exposed to the hazard was more than four years before his disability.

The claimant was employed in brick plants from 1919 to 1954 when it is admitted that he was exposed to a silica hazard. He worked as a painter from the spring of 1956 until December 8, 1960, and became totally disabled on December 9, 1960.

The referee and the board found that he was not exposed to a silica hazard from 1956 to December 8, 1960, and disallowed compensation. On appeal, the court below remanded the record to the Workmen's Compensation Board for the sole reason that appellant's counsel had been denied the opportunity to make oral argument before the board. The board that first decided the case was composed of Hugo J. Parente, John T. Welsh and Eugene J. Mirarchi; when it was remanded the board

had changed and was composed of Edwin M. Kosik, Wilbur C. Creveling, Jr., and Thomas P. Geer. After oral argument, the new board, for the same reason, disallowed compensation.

"The burden of proof of the silica hazard is an essential part of the claimant's case, as also, is proof of the necessary aggregate employment in an occupation or industry having a silica hazard. If the disease is a hazard of the claimant's occupation or industry, the claimant would have been under no burden to go further with proof of causation and the burden of going forward with proof would shift to the defendant to show the absence of causal connection. Metz v. Quakertown Stove Works, 156 Pa. Superior Ct. 70, 39 A. 2d 534 (1944). However, in this case, there was no proof that his occupation was one in which silicosis was a hazard, so the rebuttable presumption never arose." *Webster v. Grove City College*, 198 Pa. Superior Ct. 475, 181 A. 2d 924 (1962).

In the instant case it was the burden of the claimant to prove that he was exposed to a silica hazard in his employment. Section 301(c) of the Occupational Disease Act of 1953, P. L. 1389, as amended, 77 PS §1401(c), reads as follows: "Compensation for the occupational diseases enumerated in this act shall be paid only when such occupational disease is peculiar to the occupation or industry in which the employe was engaged and not common to the general population. Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry."

There was no statutory presumption in favor of this claimant arising out of the claimant's occupation as a painter with brush and on inside work so the burden

of proof that the hazard existed in the industry fell on the claimant. The finding of the board that he failed in that burden and that there was no silica hazard in his employment since 1954 was a finding of fact. *Witters v. Harrisburg Steel Corp.*, 183 Pa. Superior Ct. 450, 453, 132 A. 2d 762 (1957). The burden was on the claimant to prove that he had been exposed to the dust of silicon dioxide. *Hurtuk v. H. C. Frick Coke Co.*, 157 Pa. Superior Ct. 317, 43 A. 2d 559 (1945). Section 108(k) of the Occupational Disease Act, 77 PS §1208-(k). There was no testimony in this record, expert or otherwise, that the dust at his place of employment released free silicon dioxide in the air to which he was exposed or that his occupation as a brush painter was recognized as being an occupation in an industry that was subject to a silica hazard. The appellant's testimony to the effect that there was dust and sand in the various places where he worked did not prove that free silicon dioxide was present. *Webster v. Grove City College*, supra, at page 479.

The Workmen's Compensation Board is not required to accept even uncontradicted testimony as true. *Peron v. Phoenix Park Coal Co.*, 202 Pa. Superior Ct. 495, 198 A. 2d 370 (1964); and where, as here, the decision of the board is against the claimant on appeal, the question is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. *Irvin v. Plymouth Meeting Rubber Div. Linear, Inc.*, 182 Pa. Superior Ct. 280, 126 A. 2d 491 (1956).

". . . 'Capricious disbelief is not merely disbelieving a witness. To constitute capricious disbelief there must be a wilful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth. To charge a judge (or

an administrative agency) with capricious disbelief, it must be so flagrant as to be repugnant to a man of reasonable intelligence': Pusey's Estate, 321 Pa. 248, 262, 184 A. 844. 'The credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn from it are for the board . . . We cannot, even if we would, substitute our judgment for the board's upon these factors of its decision.' Devlin Unemployment Compensation Case, 165 Pa. Superior Ct. 153, 156, 67 A. 2d 639." *Urbach Unemployment Compensation Case,* 169 Pa. Superior Ct. 569, 572, 83 A. 2d 392 (1951). See also: *Baur v. Mesta Machine Co.,* 405 Pa. 617, 632, 176 A. 2d 684 (1961). These definitions of capricious disregard of competent evidence most certainly cannot be applied to this record. ". . . if in the opinion of the board such evidence is so indefinite and inconsistent that it cannot be accepted as a basis for a finding which would sustain an award, no compensation need be given." *Tokash v. Early Foundry Co.,* 157 Pa. Superior Ct. 467, 469, 43 A. 2d 553 (1945). The board is, of course, the ultimate trier of facts.

The appellant makes much of the report of Dr. De-Matteis which he contends the board relied upon. The report in question was marked defendant's Exhibit No. 1 and offered into evidence. The claimant did not object and the record does not disclose a specific ruling by the referee. This doctor had examined the claimant on March 8, 1962. He had no personal knowledge on the crucial question of fact as to whether the claimant was exposed to free silicon dioxide in his employment as a painter; and there is nothing to indicate that he could qualify as an expert to express an opinion.

In Exhibit I, he stated that claimant had silicosis and pulmonary emphysema due to his exposure in the years he worked in the refractories. Dr. DeMatteis also stated in this report that the four years during which he worked as a painter did not contribute to his

disability. The claimant asks for a remand on the basis of a letter he received from Dr. DeMatteis after the hearing in which he states that if claimant was exposed to the dust from a sanding machine, this would be a contributing factor as the sanding machine would create a definite hazard.

As the court below said: "Dr. DeMatteis examined appellant on March 8, 1962. He obviously has no personal knowledge on the crucial question of fact: Whether claimant was exposed to free silica or silicon dioxide in his employment as a painter from 1956 until December 8, 1960. The Board was justified in refusing to remand the case to the Referee to enable counsel to cross-examine the doctor." The doctor was a witness for the defendant and the cross-examination of a defendant's witness is not the proper method for claimant to sustain his burden of proof as to a silica hazard in the claimant's last employment and could not cure the defects of the claimant's failure to prove such hazard. We might also add that compensation cases would never have finality if subject to be reopened on the receipt of letters to counsel of well meaning sympathetic witnesses, importuned after trial, indicating vaguely as in this case, that on second thought perhaps a hazard did exist.

Order affirmed.