Allegheny Pittsburgh Coal Company, Appellant, *v.* Bernard Ostroski, Appellee.

Argued November 7, 1973, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Francis S. McQuilkin*, with him *Daniel J. Snyder* and *Costello, Snyder, Berk & Horner*, for appellant.

*Theodore T. Blair*, with him *M. Lawrence Shields, III*, and *Kuhn, Engle, Blair & Stein*, for appellee.

OPINION BY JUDGE KRAMER, January 31, 1974:

This is an appeal by Allegheny Pittsburgh Coal Company (Allegheny) from an order of the Court of Common Pleas of Westmoreland County affirming an order of the Workmen's Compensation Appeal Board (Board) awarding compensation to Bernard Ostroski (Ostroski) for total disability claimed under The Pennsylvania Occupational Disease Act (PODA), Act of June 21, 1939, P. L. 566, as amended, 77 P.S. §1201 et seq.

Ostroski was employed as a coal miner by Allegheny from 1946 through September of 1968. On June 10, 1969, he filed a claim under PODA alleging that he was totally and permanently disabled due to anthracosilicosis, contracted as a result of his employment with Allegheny. Hearings were held before Referee Floyd R. Warren, who on September 17, 1971, issued an order

disallowing Ostroski's claim. Ostroski appealed to the Board, which reversed the referee and awarded compensation. Allegheny appealed to the Court of Common Pleas, which affirmed the Board. Hence this appeal by Allegheny.

When the party with the burden of proof has prevailed below, our scope of review is limited to a determination of whether the Board's findings and conclusions are supported by substantial evidence. The fact-finding function is for the referee and Board, not the appellate courts. Credibility and weight to be given evidence are questions for the Board. If there is conflicting testimony, it is for the Board to resolve the conflict. Furthermore, on review we must give the party prevailing below the benefit of all favorable inferences which can reasonably be deduced from the record made below. *See Segzda v. Jones & Laughlin Steel Corporation,* 4 Pa. Commonwealth Ct. 498, 287 A. 2d 708 (1972) ; *Pagliaroli v. Shenango Penn Mold Co.,* 189 Pa. Superior Ct. 496, 151 A. 2d 637 (1959). *See also Utter v. Asten Hill Mfg. Co.,* 453 Pa. 401, 309 A. 2d 583 (1973) ; and Section 423 of PODA, 77 P.S. §1523.

Allegheny contends, in essence, that the award is not supported by substantial evidence. It is proffered that the basis or genesis for this argument is a statement found in the Board's opinion. The Board stated: "Considering just the testimony of the two physicians involved, we find ourselves at an impasse. But, when we add the testimony of the claimant, his work history, and a strong public policy argument based on the prevalance [sic] of so-called 'black lung' diseases among coal miners, the pendulum swings toward the claimant."

Using this statement as its focal point, Allegheny makes the following argument: (1) the Board having found an "impasse," claimant's medical testimony is cancelled by Allegheny's, and as such cannot be used to support the award; (2) the Board's reference to

"black lung" disease is "extrajudicial," not a matter of record, and therefore improper; and (3) claimant's testimony and work history standing alone are not sufficient to support the award. We cannot agree.

The Board's reference to "black lung" disease is in accord with the legislative presumption favoring Ostroski and found in Section 301(f) of PODA, 77 P.S. §1401(f), which provides: "(f) If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment but this presumption shall not be conclusive."

Allegheny's argument with respect to claimant's medical testimony is dubious at best. The Board never indicated that claimant's expert medical testimony was not credible. Furthermore, Allegheny has not challenged the competency of claimant's medical witness, nor has Allegheny alleged that if claimant's medical testimony is believed that it is not sufficient to support the award.

We reiterate that questions of credibility are for the Board, and it is the Board which should make the ultimate determination with respect to conflicting testimony. Our reading of the Board's findings and conclusions establishes that the Board properly exercised its discretion and resolved the conflicting expert medical testimony in favor of Ostroski. A careful review of the record in this case permits us to conclude that the findings and conclusions reached by the Board are correct. Therefore, we affirm the order and judgment of the lower court.