Houze Glass Corporation and Kansas City Fire & Marine Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William Cullen, Respondents.

Argued May 11, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioners.

*Anthony J. Kovach,* for respondents.

OPINION BY JUDGE ROGERS, June 25, 1979:

Houze Glass Corporation and Kansas City Fire & Marine Insurance Company, its workmen's compensation carrier, have appealed from an order of the Workmen's Compensation Appeal Board affirming a referee's award of benefits to William Cullen for disability from silicosis provided for by Section 108(k) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Act of October 17, 1972, §1, P.L. 930, *as amended,* 77 P.S. §27.1(k). Section 301(c) of the Act, 77 P.S. §411(2), requires, for workmen's compensation benefits to attach, that the claimant be exposed to the occupational hazard after June 30, 1973.

Mr. Cullen was employed by Houze for more than fifty years. Houze is a fabricator of glass products, which until 1971 manufactured its own glass, using large amounts of silica sand in combination with other materials. Mr. Cullen was engaged in various kinds of work for Houze during the long period of his employ-

ment. During the last eight years he worked as a night watchman and floor sweeper.

Mr. Cullen retired in April 1975. On July 23, 1976 he filed a claim petition for workmen's compensation benefits, alleging that he had contracted pneumoconiosis—that is, silicosis—as a result of exposure to silica dust at his place of employment both before and after June 30, 1973. A referee conducted four hearings and received medical reports and the deposition of Dr. Jerry D. Silverman. The referee found that Mr. Cullen was totally and permently disabled from silicosis as of June 30, 1976 and that his exposure to silica dust at the Houze plant from June 30, 1973 until April 13, 1975 contributed to the disability. The referee concluded that Mr. Cullen was entitled to compensation under Section 108(k) and awarded benefits. The Appeal Board affirmed the referee's award and this appeal followed. We affirm the Board.

Emphasizing that Houze stopped manufacturing glass in 1971, the appellants say that the referee's finding that Mr. Cullen was exposed to a silica hazard after June 30, 1973 is not supported by substantial evidence. We disagree. Mr. Cullen testified that he was familiar with silica sand from his years of experience at Houze when it was making glass and that he saw bins of silica sand on Houze's premises in 1975. He also testified that powdered glass and sand blew about in the areas he was required to inspect as a night watchman and that until his retirement in 1975, he regularly swept areas where these particles accumulated. We are satisfied that Mr. Cullen's testimony sufficiently established an exposure to silica dust after June 30, 1973. *See Jones & Laughlin Steel Corporation v. Golmitz,* 28 Pa. Commonwealth Ct. 25, 367 A.2d 323 (1976). We recognize that the appellants adduced evidence which tended to show that the silica hazard had been eliminated from its plant before June 30,

1973—particularly that of tests made in 1977 which showed the presence of only small quantities of dust and testimony that no changes in conditions at the plant occurred after the time of Mr. Cullen's retirement. The referee might have drawn the inference from this and other of the appellants' evidence that Mr. Cullen was not exposed after June 30, 1973. He had, however, the other choice—that of accepting Mr. Cullen's account of seeing bins of silica sand and much dust in his work areas before his retirement. Since Mr. Cullen's evidence of exposure was substantial, it is beyond our power to direct the referee to make another choice. We find it impossible to believe, as the appellants suggest, that it was ever intended that claimants should in this kind of case be required to prove their exposure after June 30, 1973 by the results of scientific tests of the employers' premises.

Order affirmed.

### ORDER

AND Now, this 25th day of June, 1979, the order of the Workmen's Compensation Appeal Board is affirmed and judgment is entered in favor of the claimant, William Cullen, and against Houze Glass Corporation and Kansas City Fire & Marine Insurance Company, who are ordered to pay the claimant the sum of $85.50 per week beginning June 30, 1976 and continuing indefinitely thereafter in accordance with provisions of The Pennsylvania Workmen's Compensation Act, with interest on deferred payments at the rate of ten percent per annum.

Houze Glass Corporation and Kansas City Fire & Marine Insurance Company are further ordered to reimburse the claimant in the amount of $115.00 and the claimant's counsel, Anthony J. Kovach, in the amount of $163.80 for the costs of litigation and to pay 20% of the first two years of compensation to claimant's counsel as attorney's fees.