Henry Shemanski, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kaiser Mirawal, Respondents.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Lester Krasno*, with him *Stephen P. Ellwood,* for petitioner.

*William D. Hutchinson, Hutchinson, Heitmiller & Nickels, P.C.,* for respondents.

OPINION BY JUDGE BLATT, September 8, 1981:

The petitioner, Henry Shemanski, seeks review of a decision of the Workmen's Compensation Appeal

Board (Board) denying the petitioner's claim for benefits under Section 108(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, added by Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(1).[1]

The petitioner filed a claim petition alleging that he was totally disabled due to asbestosis which he allegedly contracted in the course of his employment with Kaiser Mirawal (employer). He testified that his job required the cutting of ceiling panels with a circular saw, which raised a great deal of dust and he produced a witness who testified that the panels were analyzed and found to contain asbestos. A medical witness for the petitioner stated that he was totally disabled due to exposure to coal and asbestos dust. The employer presented testimony that the work area of the petitioner was tested and found to have asbestos levels far below the ceiling limits of OSHA and the Pennsylvania Department of Environmental Resources. A medical expert also testified for the employer and concluded that the petitioner had no signs of asbestosis, was not disabled and could return to work. The referee denied benefits finding that the petitioner had made no tests of the air quality in his work area, that none of his witnesses had observed the conditions under which he worked and that he had therefore failed to prove that he was exposed to an occupational hazard in the course of his employment. The referee also found that the petitioner had an obstructive pulmonary disease, but that he was not disabled thereby and that he had not proved a disability due to asbestosis. The Board affirmed the denial of benefits and this petition for review followed.

---

[1] The petitioner also filed a claim under Section 301(i) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401(i), but the referee's denial of that claim has not been challenged here.

The petitioner contends that the referee erred when he required that the petitioner must show by air quality tests and other evidence that a certain minimum level of asbestos was present in the work place before he could meet his burden of proving exposure to an occupational hazard. He also argues that such imposition by the referee of an incorrect quantum of proof somehow tainted the finding that the petitioner was not disabled due to asbestosis.

In a claim for disability benefits due to an occupational disease, filed under Section 108 of the Act, 77 P.S. §27.1, the petitioner must prove, *inter alia,* that he was exposed to the hazards of that occupational disease in the course of his employment. Section 301(c) of the Act, 77 P.S. §411(2); *Fruehauf Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 341, 376 A.2d 277 (1977). Although the record reveals here that there was at least some asbestos present in the petitioner's work area, the referee found that the petitioner had not established that the asbestos level was high enough to constitute a *hazard.* We believe that the issue of whether or not an occupational hazard existed was a question of fact to be resolved by the referee and, based upon our review of the record, we cannot say that the referee in reaching his conclusion here capriciously disregarded the testimony of the petitioner and his witnesses. *Billet v. Keystone Roofing Manufacturing Co.,* 6 Pa. Commonwealth Ct. 23, 291 A.2d 921 (1972); *see also Moyer v. Brockway Clay Co.,* 14 Pa. Commonwealth Ct. 610, 324 A.2d 876 (1974).

Even were we to disagree with the referee's finding that there was no hazardous exposure, we would still affirm the denial of benefits on the grounds that the petitioner did not establish that he was disabled due to asbestosis. Conflicting medical testimony was presented on the issues of whether or not the petition-

er was disabled and whether or not he suffered from asbestosis. The referee resolved those conflicts in favor of the employer and inasmuch as we are bound by the referee's determinations as to credibility and the weight of the evidence, *McHale v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 344, 425 A.2d 34 (1981), we will not disturb those findings.

We will therefore affirm the Board's denial of benefits.

#### ORDER

AND Now, this 8th day of September, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.