A. C. Moyer Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and James I. Bryner, Respondents.

Argued May 7, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Joseph F. Grochamal*, with him *Noble R. Zuschlag, Fried, Kane, Walters & Zuschlag*, for petitioner.

*Donald J. McCue, McCue & Watson,* for respondent, James I. Bryner.

OPINION BY JUDGE CRAIG, June 3, 1982:

In this appeal by A. C. Moyer, employer, from an award under The Pennsylvania Workmen's Compensation Law[1] for disability from the scheduled occupational disease of silicosis,[2] the claimant's disability from that disease is not controverted.

The key question is whether the record contains substantial evidence to support the referee's findings that the claimant's employment in this employer's slag plant from March of 1971 through April of 1975, along with previous employment, was employment in which he was exposed to the hazard of silicosis.

The referee's findings, numbered as indicated below, included findings that

— claimant's disability from silicosis was due to his total and cumulative exposure to silica dusts while employed in an occupation having a silica hazard (11), (16);

— claimant was employed by various slag plants in occupations having a silica hazard from 1923 to April of 1975 inclusive (13);

— claimant's employment with this employer from March 1971 to April 1975 included exposure to coal and silica dust for the period after June 30, 1973 to April 29, 1975, which also contributed to his disability (14); and

— claimant's employment from March 1971 to April 29, 1975 was a contributing factor to his disability as a result of silicosis (17).

Accordingly, the referee found that the rebuttable presumption of Section 301(e) of the Law, 77 P.S.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1, *et seq.*

[2] Section 108(k) of the Law, 77 P.S. §27.1(k).

§413, that the occupational disease arose out of and in the course of his employment, was applicable and was not rebutted by the employer.

The evidence as to hazard consisted essentially of (1) claimant's testimony that, working without a respirator in the employer's dusty operation, he was exposed to dust—"a lot of dust"—from the slag crusher and from truck movements which "caused the dust to swirl up in clouds," and (2) testimony of an expert who analyzed dust deposit samples from the site and found that they contained 7.5% free silica and about 36% silicon dioxide by weight.

The employer, for the proposition that such evidence cannot establish the existence of a silicosis hazard sufficient to trigger the rebuttable presumption, relies upon *Moyer v. Brockway Clay Co.*, 14 Pa. Commonwealth Ct. 610, 324 A.2d 876 (1974) and *Webster v. Grove City College*, 198 Pa. Superior Ct. 475, 181 A.2d 924 (1962), both of which affirmed findings of the compensation authorities which negated the existence of a silicosis hazard.

In *Webster*, there was no evidence that the work, tending the heating furnaces and boilers at Grove City College, was recognized as being in an industry having a silicosis hazard or that the dust at the place of employment contained silicon dioxide. The evidence here, as to the presence of silicon dioxide in dust, makes this case distinguishable from *Webster*, and distinguishable from *Chilcote v. Leidy*, 207 Pa. Superior Ct. 345, 217 A.2d 764 (1966), as well.

In *Moyer*, which involved a clay pipe manufacturing plant, there was expert testimony as to the silicon percentage in the types of clays used in such plants, that the plant was dusty, and that a clay dust would contain "free silicon which would be inhaled." In relation to the factfinding prerogative of the compen-

sation authorities, we concluded that there was no capricious disregard of evidence, stating that the claimant there did not prove that "silicosis is a hazard in the occupation or industry . . . let alone in this particular factory" so that, without such proof, the rebuttable presumption never arose; we also stated that "it was not sufficient merely to establish that silica dust existed at the plant." *Moyer*, 14 Pa. Commonwealth Ct. at 613, 324 A.2d at 877-8.

Although there is some similarity between the hazard evidence in this case and that in *Moyer,* the chief distinctive is that the referee here reached a different factual determination as to whether or not the evidence added up to proof of the occupational hazard in this particular industry and environment. That distinction is significant where the issue is, as it must be, a question of fact.

The words quoted from our *Moyer* opinion do not amount to a proposition that evidence as to dust and its content must always be deemed as a matter of law insufficient to constitute substantial evidence on which a finder of fact can determine that the hazard exists.

The evidence in this record, summarized above, provides no basis upon which we can overturn the findings, and we therefore affirm.

### Order

Now, June 3, 1982, the order of the Workmen's Compensation Appeal Board, dated April 8, 1981, No. 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 is affirmed. Accordingly, judgment shall be entered in favor of claimant James I. Bryner and against employer A. C. Moyer Company and its insurer Aetna Casualty and Surety Company in the following amounts:

1. Compensation in the amount of $106.67 per week, beginning June 29, 1977 and continu-

ing subject to the terms and limitations of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 *et seq.*

2. A. C. Moyer Company shall reimburse the claimant in the amount of $853.90 for Bill of Costs.

3. A. C. Moyer Company is directed to deduct 20% from the first three years of compensation benefits as an approved attorney fee, and to remit that amount by separate check to Donald J. McCue, Esquire for his representation of the claimant.