562 A.2d 397

**WITCO–KENDALL CO., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ADAMS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 15, 1989.

Decided July 12, 1989.

Reargument Denied Sept. 22, 1989.

510

Frank R. Fleming, III, Pittsburgh, for petitioner.

Joel Persky, and David P. Chervenick, Henderson & Goldberg, Pittsburgh, for respondent Noel Adams.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

## OPINION

BARRY, Judge.

Witco–Kendall Company (Employer) petitions for our review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of the referee awarding benefits to Noel Adams (Claimant) pursuant to Section 108(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, added by Act

of October 17, 1972, P.L. 930, *as amended*, 77 P.S. § 27.1(*l*). We affirm.

The Claimant worked as a truck driver and as a laborer in the yard maintenance department for the Employer from 1963 until 1971. The Employer concedes that he was exposed to an asbestos hazard during this period. The Claimant then bid a job in the Employer's stockroom which he held until March 23, 1983; his last day of work.

On May 5, 1983, the Claimant filed a claim petition alleging total disability from asbestosis. Following a series of hearings the referee awarded total disability benefits finding that the Claimant was totally and permanently disabled due to asbestosis as of August 17, 1983. Further, the referee found that the Claimant's asbestosis was the result of the cumulative effect of his exposure to an asbestos hazard during the course of his entire employment with the Employer.

The Employer appealed to the Board which affirmed the referee's decision. The petition for review to this Court followed.

█ Our scope of review is limited to a determination of whether an error of law was committed, constitutional rights were violated or necessary findings of fact are not supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988). The Employer raises several issues for our review.

First, it argues that the referee erred in awarding benefits for an occupational disease inasmuch as the Claimant had not established that he had met the exposure requirements of Sections 301(c)(2) and 301(d) of the Act. 77 P.S. §§ 411(2) and 412. Section 301(c)(2) provides in pertinent part:

whenever occupational disease is the basis for compensation, for *disability* or death under this act, it shall apply only to disability or death resulting from such disease and *occurring within three hundred weeks after the last*

> *date of employment in an occupation or industry to which he was exposed to hazards of such disease . . . .* The provisions of this paragraph (2) shall apply only with respect to the *disability* or death of an employe *which results in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973* in employment covered by The Pennsylvania Workmen's Compensation Act.

77 P.S. § 411(2) (emphasis added).

Section 301(d) provides:

> Compensation for silicosis, anthracosilicosis, coal worker's pneumoconiosis or asbestosis, shall be paid only when it is shown that the employee has had an *aggregate period of employment of at least two years* in the Commonwealth of Pennsylvania, *during a period of ten years next preceding the date of disability, in an occupation having a* silica, coal or *asbestos* hazard.

77 P.S. § 412 (emphasis added).

The Employer argues that these two Sections of the Act contain three exposure and time limitations. Section 301(c)(2) requires that the Claimant be exposed to the occupational hazard 1) within three hundred weeks of disability and 2) in whole or in part to exposure after June 30, 1973. Section 301(d) requires that the Claimant be employed in an occupation having an occupational hazard for an aggregate of two years in Pennsylvania during a period of ten years next preceding the date of disability.

In the case before us the referee found that the Claimant was totally and permanently disabled due to asbestosis as of August 17, 1983. Accordingly, the critical time periods for purposes of determining the Claimant's exposure are: the first week of November, 1977 (approximately three hundred weeks prior to the Claimant's disability) and July 1, 1973 through March 23, 1983 (post June 30, 1973 through the Claimant's last day of work with the Employer); and for purposes of Section 301(d), August 17, 1973 through August 17, 1983 (ten years next preceding the date of Claimant's disability).

The Employer argues that since the Claimant transferred into the storeroom in 1971 and the plant was cleaned in 1974 there could have been no exposure to an asbestos hazard to meet the exposure time requirements of the Act. Essentially, the Employer argues that the Claimant must have presented corroborating scientific evidence to prove the existence of an asbestos hazard.

The referee's pertinent findings of fact are as follows:

6. That the claimant has had an aggregate employment of at least two (2) years in the Commonwealth of Pennsylvania during a period of ten (10) years next preceding the date of alleged disability in an occupation having an asbestos hazard.

. . . .

9. [c] In 1971 the claimant bid a job working in the stockroom. He worked this job from 1971 until 1983.

[1] The stockroom duties included handing out parts; keeping records of inventory and loading and unloading inventory materials.

[2] The claimant would cut gaskets as needed, from materials which contained asbestos fibers. He might cut gaskets daily, or for two or three consecutive days, or there might be days when he did not cut any gaskets. However, during this entire period of time, he did cut and handle gaskets containing asbestos fibers; placed them on shelves or hooks in the stockroom and handed out gaskets to various workers, as required. In addition, he handled pre-formed gaskets which also contained asbestos fibers, removing these gaskets from boxes; placing them on shelves and distributing them to workers as needed. While performing these various duties, asbestos fibers and particles broke off from the gaskets and became airborne in the area where the claimant worked.

[3] During this period of time, the claimant also helped to load and unload boxes of asbestos from trucks to the stockroom from time to time.

[4] During this period, there were times that the claimant would be pulled out of the stockroom to help in

the maintenance department, where he would help remove and tear out old pipes and connections which were covered with asbestos insultating [sic] materials.

[5] While working in the stockroom, from time to time, the claimant was provided with and wore a face mask type respirator while cutting gaskets and removing insulation coverings and old pipes while working on the maintenance crew.

10. That your Referee finds as a fact that the claimant was exposed to an asbestos hazard during his entire employment with the defendant from 1963 to March 23, 1983.

. . . .

15. That the claimant's pulmonary impairment was caused by his exposure to asbestos fibers inhaled during the course of his entire employment with this defendant.

. . . .

19. That the claimant's asbestosis is the result of the accumulative [sic] effect of his exposure to an asbestos hazard during the course of his entire employment with the defendant.

The Employer argues that the referee misapplied the "cumulative exposure" doctrine set forth in *Workmen's Compensation Appeal Board (Klebick) v. Commonwealth*, 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975). In the alternative, the Employer asks that we overrule that case.

Our Court held in *Klebick* that a claimant's medical testimony that his total disability resulted from the cumulative exposure to an occupational hazard (silica) over the course of his employment ending July 17, 1973, was sufficient to establish that exposure after June 30, 1973, was, in part, *the cause of his disability* for purposes of Section 301(c)(2) of the Act. *Klebick* and the cases which have followed it, *Marcucci v. Workmen's Compensation Appeal Board (B.P. Oil Co.)*, 98 Pa. Commonwealth Ct. 7, 510 A.2d 1262 (1986), *petition for allowance of appeal denied*, 515 Pa. 586, 527 A.2d 545 (1987) and *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Bul-*

*jat)*, 38 Pa. Commonwealth Ct. 466, 393 A.2d 1076 (1978), address the issue of the degree of causative effect of post June 30, 1973, exposure necessary to satisfy Section 301(c)(2). The issue presented by the Employer in the case before us relates to the question of whether the Claimant was in fact exposed to an occupational *hazard* after June 30, 1973 rather than the causative relationship between that exposure and the disease for which compensation was sought as in *Klebick.* This Court's holding in *Klebick,* then, is inapplicable and the Employer's argument that the referee and Board misapplied it is irrelevant. Further, inasmuch as *Klebick* is inapplicable here, we decline to overrule it. We note, additionally, that this Court has recently examined the cumulative exposure doctrine and upheld the *Klebick* rationale that post June 30, 1973 exposure is merely a jurisdictional requirement and no causative relationship must be shown between it and the claimant's disability. *Maher v. Workmen's Compensation Appeal Board (B.P. Oil Corp.),* 125 Pa. Commonwealth Ct. 411, 558 A.2d 138 (1989).

The Employer's "hazard" argument is applicable to all three of its assignments of error with respect to the referee's exposure/time findings. Therefore, we will address all three together.

■ As noted above, the Employer argues that the Claimant's testimony alone cannot support a finding that he was exposed to an asbestos hazard following his transfer to the stockroom in 1971. It argues further that if a claimant's testimony alone can support a finding that a hazard existed it is insufficient in this case to do so. We disagree.

■ Whether a hazard exists is a question of fact for the referee. *A.C. Moyer Co. v. Workmen's Compensation Appeal Board,* 67 Pa. Commonwealth Ct. 50, 445 A.2d 1354 (1982). Further, the Claimant's "burden of proof related to this issue is not overly demanding." *Miller v. Workmen's Compensation Appeal Board (Warren Hess, Inc.),* 70 Pa.

Commonwealth Ct. 116, 119, 452 A.2d 608, 609 (1982).[1] Our research has failed to elicit a case which affirmatively states that a claimant's testimony concerning his working conditions, without support from scientific data, is inadequate to support a referee's finding of the existence of and exposure to an occupational hazard.

The Employer cites *Shemanski v. Workmen's Compensation Appeal Board (Kaiser Mirawal)*, 61 Pa. Commonwealth Ct. 527, 434 A.2d 847 (1981) to support its position on this issue. We do not read *Shemanski* to require that a claimant must produce scientific evidence to prove the existence of an occupational hazard.

In *Shemanski* the claimant applied for benefits under Section 108(1) of the Act alleging that he was disabled from asbestosis. He alleged exposure to asbestos while working for his employer cutting ceiling tiles. He testified that the process of cutting the tiles raised a great deal of dust. Further, he produced a witness who testified that the ceiling tiles contained asbestos. The defendant/employer, however, presented testimony that the work area had been tested which showed that the asbestos levels were far below the limits set by OSHA. The referee, in denying benefits, found that the claimant,

> had made no tests of the air quality in his work area, that none of his witnesses had observed the conditions under which he worked and that he had therefore failed to prove that he was exposed to an occupational hazard in the course of his employment.

*Id.*, 61 Pa.Commonwealth Ct. at 528, 434 A.2d at 848.

On appeal this Court affirmed the denial of benefits. Judge Blatt wrote,

---

1. *Miller* involved a claimant seeking benefits for silicosis under Section 108(k) of the Act, rather than, as here, for asbestosis under Section 108(*l*) of the Act. The distinction is immaterial, however, inasmuch as the operative language is identical. Section 108(k) provides, "Silicosis in any occupation involving direct contact with, handling of, or exposure to the dust of silicon dioxide." Section 108(*l*) provides, "Asbestosis and cancer resulting from direct contact with, handling of, or exposure to the dust of asbestos in any occupation involving such contact, handling or exposure."

Although the record reveals here that there was at least some asbestos present in the [claimant's] work area, the referee found that the [claimant] had not established that the asbestos level was high enough to constitute a *hazard*. We believe that the issue of whether or not an occupational hazard existed was a question of fact to be resolved by the referee and, based upon our review of the record, we cannot say that the referee in reaching his conclusion here capriciously disregarded the testimony of the petitioner and his witnesses.

*Id.* (emphasis in original).

We do not read *Shemanski* to require that a claimant must produce scientific evidence, *i.e.*, air quality studies, in order to meet his burden of proving the existence of an occupational hazard. This Court did affirm in *Shemanski* the referee's analysis based on scientific evidence but we believe that the evidence was used by the referee solely for the purposes of assigning weight and credibility. We refuse to infer the corollary, *i.e.*, that the presentation of scientific evidence is necessary to prove the evidence of a hazard.

We find *Houze Glass Corp. v. Workmen's Compensation Appeal Board (Cullen)*, 43 Pa. Commonwealth Ct. 537, 402 A.2d 1124 (1979), to be instructive on this issue. In that case the claimant testified about his exposure to a silica hazard at his place of employment. The employer appealed to this Court arguing that the referee's finding that the claimant was exposed to a hazard after June 30, 1973, was not supported by substantial evidence. Judge Rogers, writing for this Court, stated:

We find it impossible to believe, as the [employers] suggest, that it was ever intended that claimants should in this kind of case be required to prove their exposure after June 30, 1973 by the results of scientific tests of the employers' premises.

*Id.*, 43 Pa.Commonwealth Ct. at 540, 402 A.2d at 1126.

We agree with Judge Rogers and conclude that claimants need not prove their exposure to an occupational hazard for

purposes of Sections 301(c)(2) and 301(d) by means of scientific tests of the employers' premises. Accordingly, the referee in the case before us did not err in relying solely on the Claimant's testimony of his working conditions to prove the existence of and his exposure to an asbestos hazard.

■ Next, the Employer argues that if the referee could rely solely on the Claimant's testimony, this testimony was not sufficient to support a finding of a hazard. The Employer argues that his testimony was insufficient because it did not rise to the level of showing a "significant exposure" or "significant presence" of asbestos. This more difficult standard, however, is applicable only when a claimant seeks benefits under the omnibus or catch-all provision set forth in Section 108(n) of the Act. 77 P.S. § 27.1(n). *Fruehauf Corp. v. Workmen's Compensation Appeal Board (Cornell)*, 31 Pa. Commonwealth Ct. 341, 376 A.2d 277 (1977).

■ The Employer also argues that the Claimant's failure to identify the dust to which he was exposed as asbestos is fatal to his petition. We disagree. A claimant need not specifically refer to the dust to which he was exposed. *Reynolds Manufacturing Co. v. Workmen's Compensation Appeal Board (Collins)*, 93 Pa. Commonwealth Ct. 488, 502 A.2d 290 (1985), *Jones & Laughlin Steel Corp. v. Golmitz*, 28 Pa. Commonwealth Ct. 25, 367 A.2d 323 (1976).

Finally, the Employer argues that the testimony of the Claimant's medical witness that he was disabled from a cumulative exposure to asbestos was incompetent inasmuch as his opinion was based on a history of exposure only through 1971. We disagree. The Claimant's physician testified, "In more recent years, he did maintenance work that included removing old insulation from pipes that contained asbestos in their insulation." Deposition of Michael E. Wald, M.D., October 26, 1983 at p. 6. The doctor again referred to the Claimant's exposure to asbestos following his transfer to the stockroom in 1971 on cross-examination.

*Id.* at 34. The factual basis upon which the Employer rests this argument is unsupported and accordingly, we reject it.

The order of the Board is affirmed.

## ORDER

NOW, July 12, 1989, the order of the Workmen's Compensation Appeal Board at No. A–93720, dated August 3, 1988, is hereby affirmed.